### LILLY v. RAILROAD COMPANY.

1. In action by an administratrix to recover damages for negligence causing her intestate's death, the complaint, *inter alia*, alleged that "plaintiff and ——— children of tender years were solely dependent for a support and subsistence upon" intestate, but it failed to state that the intestate left surviving him a wife, or children, or parents, or that the action was for their benefit, as authorized by the statute. *Held*, that by reason of these omissions, the complaint failed to state facts sufficient to constitute a cause of action, and a demurrer on this ground was properly sustained.

2. The complaint not having stated a cause of action, the Circuit Judge did not err in refusing an amendment at the trial, alleging that intestate left surviving him a wife and children, for whose benefit the action was brought.

3. A refusal by the Circuit Judge to permit an amendment is appealable, but his discretion in the matter will not be interfered with on appeal, unless the error be clear.

Before FRASER, J., Chester, March, 1889.

This was an action by Sarah Lilly, as administratrix of Green

Lilly, deceased, against the Charlotte, Columbia & Augusta Railroad Company, lessee of the Cheraw & Chester Railroad, commenced September 12, 1888, to recover $10,000 as damages for the negligent killing of intestate in February, 1887, by the breaking of a trestle on the leased road, intestate being a brakeman on a train of its cars.   The complaint alleged the incorporation of defendant and the lease of the C. & C. R. R.; the employment of intestate as a brakeman; the negligent condition of the trestle and the negligence of defendant; the death intestate of Green Lilly as a result of such negligence, and the grant of administration to plaintiff; and "that said plaintiff was, together with —— children of tender years, solely dependent upon him, the said Green Lilly, for a support and subsistence, and by reason of his death, *i. e.*, of the death of said Green Lilly, is left utterly helpless and destitute, and are damaged in the sum of ten thousand ($10,000) dollars."

*Messrs. Frank L. Whitlock* and *S. P. Hamilton*, for appellant.

*Mr. J. C. Haskell*, contra.

February 25, 1890.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   One Green Lilly, the intestate, in 1887, while employed by the defendant company as a brakeman on its train, lost his life by the breaking and giving away of a certain trestle on the road.   The plaintiff, appellant, administered upon his estate, and brought the action below for damages.   There was no allegation in the complaint that the plaintiff was the widow of the deceased, or that he left children or any other kin, the complaint simply stating "that said plaintiff and —— children of tender years were solely dependent for a support and subsistence upon him, and by reason of his death, *i. e.*, of the death of the said Green Lilly, is left utterly helpless and destitute, and are damaged in the sum of ten thousand ($10,000) dollars. Wherefore," &c., &c.   The answer of defendant denied each and every allegation in the complaint.

At the trial, the complaint being read, the plaintiff's attorney moved for leave to amend it by adding to paragraph 6 therein the

following words, to wit: "That said plaintiff was the widow of said Green Lilly, deceased, and she brings this action for the benefit of herself and her several children by the said Green Lilly." His honor, Judge Fraser, refused the motion, assigning as a reason therefor, that if it was allowed, it would entirely change the nature of the action. Whereupon the defendant's attorney interposed an oral demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, which was sustained, and an order made dismissing the complaint with costs. The appeal of the plaintiff questions the correctness of his honor's ruling, both as to refusing the amendment and in sustaining the demurrer.

A good rule by which to test the sufficiency of a complaint, when assailed by a demurrer like that interposed here, is to inquire what facts are necessary to constitute a cause of action, and then to examine whether such facts are alleged, the plaintiff in his evidence being confined to such alleged facts. The action below was brought under sections 2183 and 2184, General Statutes, which, contrary to the common law, allows actions in certain cases to be brought for injuries done to the person, even after the death of such person. Section 2184, however, distinctly specifies the parties for whose benefit such actions are allowed, to wit, for the wife, husband, parent, and children of the deceased. In order, then, for the administrator of such deceased to have a cause of action, there must be left one or more parties bearing the relation above to said deceased; otherwise, the common law principle governs. And in order to allow plaintiffs to prove that such relations were left, there should be an allegation in the complaint, to that effect, or the defendant might be taken entirely by surprise.

The case of *Conlin* v. *Charleston* (15 Rich., 208), held that a defect in the complaint, just like that here, would have been fatal on demurrer, but it was cured by a verdict, no demurrer having been interposed. In the complaint herein, there was no such allegation. True, it is alleged that the plaintiff and children were dependent upon the deceased; but it does not follow that they were dependent because of the fact that they were his wife and children. They might have been dependent, and still not his wife and children. . It does not appear from the complaint that

there were any parties, either directly or indirectly, or by representation, interested in this action before the court. We think, therefore, that the demurrer was properly sustained.

Next, as to the amendment refused. Amendments are provided for in the Code, and allowed sometimes by the court for certain purposes, and while not entirely discretionary in the sense that the ruling of the court is unappealable in all cases, yet it must be a clear case of error when its discretion will be interfered with. In this case, the demurrer was properly held fatal to the complaint, the effect of which was, in substance, to turn the plaintiff out of court on the ground that she had no cause of action. That was her *status* even before the demurrer was interposed, and although the motion to amend was made before the demurrer was interposed, yet when his honor considered the motion to amend, he was compelled to consider whether there was anything in the complaint to amend by, and upon examination he found no cause of action stated; and if the amendment was allowed, it would not simply supplement a faulty statement of a cause of action by adding or striking out the name of a party, or by correcting a mistake in the name of a party, &c., or by inserting other allegations material to the case, but it would be absolutely giving a cause of action where none was alleged, and, in this case, where none could exist, for the reason that the two years allowed within which to bring such actions had elapsed. We think his honor was right in holding that the amendment proposed would have entirely changed the nature of the action, and therefore not allowable. *Code*, section 194.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.