13187

OUZTS v. STATE HIGHWAY DEPARTMENT

(159 S. E., 457)

*Messrs. John M. Daniel, Attorney General* and *Cordie Page* and *J. Ivey Humphrey, Assistants Attorney General,* for appellant,

*Messrs. W. H. Nicholson* and *S. H. McGee,* for respondent,

June 23, 1931.

The opinion of the Court was delivered by Mr. Justice Stabler.

This is an action for damages for personal injuries, brought under the Act of 1928 (35 Stat., 2055). The complaint alleges that "the plaintiff * * * is the duly appointed guardian *ad litem* of his daughter, Nina B. Ouzts, a minor six years of age"; that, on September 30, 1929, while walking along one of the public highways of the State, she was struck and injured by a truck owned and operated by the State Highway Department; that neither she nor the persons charged with her custody and control brought about her injuries or negligently contributed thereto, but that such injuries were due solely to the negligent acts of the defendant and its agents in the following particulars:

"(a) In operating said motor vehicle or truck at a high and reckless rate of speed in violation of law.

"(b) In operating said motor vehicle or truck to the left of the center of the highway in violation of law.

"(c) In operating said motor vehicle or truck without a proper lookout.

"(d) In operating said motor vehicle or truck with defective brakes and equipment."

The defendant admitted that, though a department of the State government, it may be sued on certain causes of action under conditions provided by law, but denied that "the plaintiff or the complaint in this action comes within the provisions of the statute." It also denied that Nina B. Ouzts was injured in the manner set out in the complaint or through any negligence of the defendant, and alleged that any injuries she may have sustained were due to her own negligence or "to the negligence of her parent, the plaintiff in this action, in permitting the said child, without proper supervision, to be playing * * * in the traveled portion of a highway where the traffic is very heavy, which facts were known to the plaintiff."

The defendant also served notice that it would interpose an oral demurrer on the grounds:

"I. It does not appear in the complaint that the plaintiff, J. O. Ouzts, has suffered any injury to his person, or damage to his property, and he, therefore, has no cause of action against this defendant.

"II. That it does not appear upon the face of the complaint that a claim giving the date and place where the injury or damage occurred, and the amount claimed, has been made out, sworn to and filed with the defendant, as required by law."

The plaintiff thereafter, on April 18, 1930, gave notice of a motion to amend the complaint, by alleging the filing of a claim with the State Highway Department. On call of the case for trial, the Court heard the motions, allowed the amendment, and overruled the demurrer.

At the close of plaintiff's testimony, defendant made a motion for a nonsuit upon the grounds: (1) That a suit against the State Highway Department being a suit against the State, the Court was without jurisdiction of the alleged cause of action attempted to be stated in the complaint, for the reason that the statute law of the State does not ";create any actionable liability on the part of the State Highway Department for the acts and conduct complained of in the complaint"; and (2) that there was no testimony showing or tending to show that the truck which struck the child belonged to or was under the control of the Highway Department, or that it was actually being used in the construction or repair of the highway at the time.

Counsel for plaintiff then asked to be allowed to offer testimony that the truck belonged to the Highway Department and was engaged in the construction or repair of the highway. The Court permitted this to be done, and the defendant then renewed its motion for a nonsuit, which was overruled. At the close of all the testimony, the defendant moved for a directed verdict, on the two grounds stated in its motion for a nonsuit, and the additional grounds that

(3) the Act of 1928 attempts to waive immunity from suit only, and does not attempt to create any new liability on the part of the State or to waive its immunity from liability; (4) that if the statute attempts to create any new liability, it contravenes Section 11 of Article 10 of the Constitution requiring such question to be submitted to a vote of the people; and (5) that there was no proof that a claim had been filed with the State Highway Department as required by the statute.

On motion of the plaintiff the Court allowed the case to be reopened for the purpose of receiving testimony in support of the allegation that a claim had been filed with the Highway Department. The defendant objected to the admission of this testimony, upon the ground that the proof showed the claim filed was for damage to J. O. Ouzts and not to Nina B. Ouzts. The Court overruled the motion, and the jury found for the plaintiff $300.00. The defendant appeals.

The Attorney General urges with great earnestness that the trial Judge committed error in refusing defendant's motion for a directed verdict, made upon the grounds numbered (3) and (4), basing this conclusion upon the decision of this Court in *Sirrine v. State,* 132 S. C., 241, 128 S. E., 172, 173, and the concurring and dissenting opinion of Mr. Justice Cothran in *Casualty Company v. Highway Department,* 155 S. C., 77, 151 S. E., 887, 891.

The *Sirrine case* was an action for damage to an automobile, brought under an Act of the Legislature (33 Stat., 1689), Section 1 of which reads as follows: "That permission is hereby granted N. McL. Sirrine to prosecute an action against the State of South Carolina in any Court of competent jurisdiction, whereby she may seek to recover not exceeding the sum specified in the above preamble, and costs, and that she may proceed in the prosecution of said cause in like manner as all causes arising between individuals or corporations in this State may be conducted:

*Provided,* That nothing in this Act shall be construed into an admission by said State of any facts hereinabove stated or of any liability of the same on account thereof; and it is further *Provided,* That the State nevertheless expressly reserves to itself in any action which may be brought hereunder, any defense which would be available to any individual or corporation, defendant in like circumstances."

The State demurred to the action upon two grounds: (1) That the State's liability for the tort of its agents was not waived by the statute; and (2) that the Act was a special one where a general law could be made applicable and so violated Subdivision 9 of Section 34 of Article 3 of the Constitution.

The Court, in discussing the first ground, pointed out that in *Graham v. State,* 109 S. C., 301, 96 S. E., 138, it was held that the effect of legislation similar in character or tenor to that in the *Sirrine case* was not only to waive immunity from suit, but also to waive the State's legal immunity as a sovereign from liability for causes of action which the Legislature authorized to be made the basis of a suit against the State, and quoted the following from that case as being a cogent reason for the holding: "In construing the Act, elementary rules require that we presume that the Legislature knew the law, and, therefore, knew that plaintiff could not sue the State without its consent and, also, that if the defense stated were set up, it would certainly defeat his action. We must also presume, against the intention to do a futile thing, consent to be sued, and at the same time reserve the right to set up an absolutely certain defense. That construction would make the Act self-destructive."

And then proceeded to analyze the statute in the *Sirrine case,* and to further say: "If the statute was not intended to give Mrs. Sirrine a right to recover against the State for the tort of one of the State's agents or servants under the principles of law applicable in a suit against a private in-

dividual or corporation, the enactment of the statute was an idle gesture. We conclude, therefore,. that the application of the primary rule of construction—that the controlling consideration is legislative intent—requires that the statute be construed as an Act which undertakes to waive the State's immunity as a sovereign from liability for the torts of its agents or servants to the extent that would enable Mrs. Sirrine to recover in the action authorized if she were entitled to recover against a private individual or corporation under like circumstances."

In considering the second ground—that the Act was a special law where a general law could be made applicable—the Court took a different view from that taken in *Sandel v. State,* 115 S. C., 168, 104 S. E., 567, 13 A. L. R., 1268 (in which it was held that the Act there did not create a liability which did not exist before its passage), stating that the Act attempted to confer upon Mrs. Sirrine a right denied to all others, that is, a right to recover for the tortious acts of the agents and servants of the State; and that the provision of the Constitution, Section 2 of Article 17, which provides that "the General Assembly may direct by law in what manner claims against the State may be established and adjusted," had no application in that case, for the reason that the Act "goes further than merely to direct how a claim shall be established, in that it undertakes to create and confer a special privilege and a discriminatory right," and said: "While the argument might be elaborated from other angles and further fortified by authority, we think the reasons suggested in the foregoing discussion are sufficient to vindicate the conclusion that the special legislation here in question is clearly in violation of the constitutional mandate that the General Assembly shall not enact a special law 'where a general law can be made applicable.' "

The Court then declared:

"Neither the foregoing conclusion nor the premises upon which it is predicated may be reconciled with the views announced and the conclusion reached by this Court in the case of *Sandel v. State,* 115 S. C., 168, 104 S. E., 567, 13 A. L. R., 1268. The Court, in arriving at the conclusion in the *Sandel case* that the Act there in question was not such a special law where a general law could be made applicable as infringed the constitutional inhibition, would seem to have been largely influenced, if not controlled, by the view that the Act giving a right to recover for alleged wrongful deaths caused by the negligence of agents and servants of the State conferred no new right in favor of the Sandels and created no new liability against the State. It is there said:

" 'The Act does not create a liability which did not exist before its passage. The liability is one that is recognized by the common law. The only obstacle that lay in plaintiff's path to the enforcement of it was the State's immunity from suit, without its consent.'

"Proceeding from that postulate to the proposition that the State's immunity from suit may be waived at the pleasure or discretion of the lawmaking power, and that the Constitution (Article 17, § 2), expressly authorizes the General Assembly to 'direct by law in what manner claims against the State may be established and adjusted,' the conclusion was reached that the Act then under review did not violate the constitutional inhibition against special legislation. But the first premise upon which that conclusion was rested—that liability existed before the passage of the Act, and that the only effect of the law was to remove the State's immunity from suit—may not soundly be maintained. That the crown or the State is not legally liable for the wrongful acts of its officers, agents, or servants, in the absence of statute, is an ancient and well-settled rule—a rule recognized and applied by this Court in a long line of decisions. See 25 R. C. L., 407, § 43; Labatt (1913 Ed.), Vol. 7, p. 7061;

*Foster v. Union,* 129 S. C., 257, 262, 123 S. E., 839, and cases therein cited. Having given due recognition to that rule herein, for the reasons above indicated, we think the different conclusion reached in this case is imperatively required. In so far, therefore, as the decision in *Sandel v. State,* 115 S. C., 170, 104 S. E., 567, 13 A. L. R., 1268, is not in accord with the views herein announced, that decision is expressly overruled."

It is to be noted that in the *Sirrine case* the Court specifically overruled the holding in the *Sandel case*—"that liability existed before the passage of the Act, and that the only effect of the law was to remove the State's immunity from suit." It also apparently held in the *Casualty Company case,* following *Randal v. Highway Department,* 150 S. C., 302, 148 S. E., 57, that the 1928 Act creates a liability. Mr. Justice Cothran, in his concurring and dissenting opinion in that case, observed: "The fundamental error in the conclusion announced, I think, lies in the apparent conception that the Act of 1928 created a liability upon the department, as an agency of the State. All that it did was to waive the immunity from suit. The Legislature had no right to impose a liability upon the State for an Act for which it was not legally responsible; it did have the right to waive the State's immunity from suit on account of an Act for the consequences of which, but for the constitutional immunity from suit, it was liable."

In view of the conclusion reached in the *Sirrine case,* coupled with the observation of Mr. Justice Cothran in the *Casualty Company case,* that "all that it [the Act], did was to waive immunity from suit," the appellant contends that, under the law as now established in this State, "there is no liability on the part of the State for the wrongful acts of its agents or servants, and no liability on the part of the State for any defect in any highway, or the negligence of the Highway Department. * * * The Constitution specifically prohibits the creation of any additional debt or lia-

bility. It is true that the amount of the liability is not determined, but, nevertheless, it is a liability or debt owing by the State to the individual, the amount of it to be determined by the verdict of a jury. If it be said then that the Act of 1928, under which this action is prosecuted, waives the State's immunity from liability, it attempts to create a new liability where none existed before without submitting the question to a vote of the people."

It will be observed, however, from a further reading of the opinion of Mr. Justice Cothran in the *Casualty Company case*, that, while he did not agree with the majority's "apparent conception that the Act of 1928 created a liability," he stated that there was a pre-existent liability which the Act recognized, and that "there resulted a fixed liability and a fixed remedy for its enforcement." This observation of the learned Justice seems to be in accord with the view taken by the Court in the *Sandel case*, but expressly overruled in the *Sirrine case*.

It may be observed also that the State Highway Department, an agency of the State, can claim no higher ground than that occupied by cities and other political subdivisions of the State. In *Chick Springs Water Co. v. Highway Department*, 159 S. C., 481, 157 S. E., 842, 850, opinion filed March 18, 1931, this Court, speaking through Mr. Justice Cothran, said: "No valid distinction can be drawn between cities, counties, and other political subdivisions, referred to in the *Faust* [117 S. C., 251, 109 S. E., 151], and other cases, on the one hand, and the State Highway Department, on the other. All are agencies of the State, and all derive their immunity from the same source, the State, and upon the ground that, being agencies of the State, they are in effect the State itself."

It is clear that, if the view taken by the Court in the *Sandel case*—that the liability was pre-existent and the Act only waived immunity from suit—is held to be sound, then the appellant's position is untenable, for the

reason that, as admitted, the 1928 statute, under which this action was brought, unquestionably waives the State's immunity from suit. But if the view is taken, in accordance with the *Sirrine case,* which is undoubtedly the correct principle—that the State's immunity not only from suit but from liability must be waived by statute before recovery against the State can be had—we are still of opinion that appellant's position cannot be maintained. We think the 1928 statute, construed in the light of the decisions in the *Graham* and *Sirrine cases,* may properly and soundly be held to waive the State's immunity, not only from suit, but from liability. In addition to granting permission to sue the Highway Department under specified conditions, the Act authorizes recovery in case it is shown that the person bringing the suit has been injured by reason of a defect in the highway, or by the negligent repair of the highway, or by the negligent operation of any vehicle or motor vehicle in charge of the Highway Department, etc., limits the amount of damages recoverable, and empowers the department to settle or compromise claims within certain limits, etc. It also requires the party bringing the suit, as in actions against counties and other political subdivisions of the State, to allege and prove that the injury was not the result of his own negligence, and that he did not negligently contribute thereto; and provides that claims approved and judgments obtained under the provisions of the Act shall be paid from the maintenance funds of the Highway Department. We can reach no other conclusion, from consideration of the Act, as a whole, than that it was the intention of the Legislature to waive the State's sovereign immunity from liability as well as its immunity from suit. To hold otherwise, would be to say that the Legislature, in the passage of the Act, knowingly did a foolish and futile thing.

The contention of the appellant that, if the Act of 1928 waives the State's immunity from liability, it attempts to create a new liability where none existed

before, and for that reason is in violation of Section 11 of Article 10 of the Constitution requiring the submission of such question to a vote of the people, is also unsound. We do not think that provision of the Constitution is applicable here. It was not the intention of the framers of that instrument to inhibit, by that provision, legislation removing the State's cloak of immunity from liability for the wrongful acts of its officers, agents, and servants; on the contrary, we think that they clearly manifested, by the language of Section 2 of Article 17, an intention to empower the Legislature to provide for the adjustment and payment, in such manner and under such conditions as it might prescribe, of all claims that might arise against the State.

Because of their gravity and importance, we have considered and disposed of the foregoing questions, although it is apparent, from a careful examination of the complaint, that the second ground of defendant's demurrer should have been sustained and the complaint dismissed. In the *Casualty Company case, supra,* this Court indicated that the terms and conditions prescribed by the statute for suit against the State Highway Department must be strictly complied with, and held, in effect, that, in order to state a cause of action under the statute, it is essential to allege that the plaintiff has filed his claim with the department as required by the Act. In the present case, no such allegation was made in the complaint, and the plaintiff, after lapse of the time limited by the statute for bringing the action, sought by amendment to supply it, which was allowed by the trial Judge. This was error. The time for bringing suit having lapsed, the Court was without power to allow an amendment giving a cause of action where none was alleged and where none could then exist. See *Lilly v. Railroad Company,* 32 S. C., 142, 10 S. E., 932.

The first ground of demurrer should have been sustained also. The right to sue the department, an agency of the State, is limited by the provisions of

the statute to "Any person, firm or corporation who may suffer injury to his or her person or damage to his, her or its property." Section 1. In the case at bar, the plaintiff is "J. O. Ouzts, as guardian *ad litem* for Nina B. Ouzts," and not Nina B. Ouzts. The complaint does not show that Nina is claiming damages for injuries to her person; it alleges that "the plaintiff * * * is the duly appointed guardian *ad litem* of his daughter, Nina B. Ouzts, a minor," who was injured by the negligent operation of a truck owned and operated by the defendant, and that the injuries which she received were to his damage, and demands judgment in his favor in the sum of $2,500.00. There is no allegation that the plaintiff was injured in person or property by the negligent acts complained of, and therefore no cause of action is stated in his favor. See *Pieper v. Shahid*, 101 S. C., 364, 85 S. E., 905. Consideration of other questions involved in the appeal is unnecessary.

The judgment below is reversed, and the complaint dismissed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN and CARTER and MR. ACTING ASSOCIATE JUSTICE COSGROVE concur.