15364

KENNEMORE v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT

(18 S. E. (2d), 611)

September, 1941.

*Mr. John M. Daniel, Attorney General, Mr. M. J. Hough* and *Mr. T. C. Callison, Assistant Attorneys General,* and *Messrs. Bolt & Wilkins,* of Greenville, for appellant,

*Mr. Lionel E. Wooten,* of Greenville, for respondent,

February 2, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER.

This action was instituted on November 22, 1940, for the wrongful death of respondent's intestate which occurred December 25, 1939. The action was brought under and by virtue of .Section 5887, Volume III, Code of Laws of South Carolina 1932, which provides that such action may be enforced in the same manner as is now provided by Section 412 for actions by administrators and executors where death results from personal injuries. Answer was filed by the appellant on December 13, 1940, reserving therein its right to interpose a demurrer to the complaint. On September 6, 1941, the appellant served upon the respondent's attorney a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action in that the complaint failed to allege the name and relationship of the person or persons for whose benefit the action was brought.

The demurrer was heard by Honorable C. C. Featherstone, presiding Judge, at Greenville, South Carolina, and at the hearing the respondent's attorney made a motion to be allowed to amend the complaint by alleging the name of the beneficiary. On September 17, 1941, Judge Featherstone filed an order overruling the demurrer and allowing respondent to amend the complaint.

The statutory period in which an action may be brought against the appellant on account of the death of the respondent's intestate expired December 25, 1940. The amended complaint was served on September 24, 1941.

From the order of Judge Featherstone this appeal is taken.

There are two questions involved, (1) Does the complaint, which is brought for the wrongful death of respondent's intestate, state a cause of action, which does not allege the name of the beneficiary or beneficiaries and their relationship to the deceased as set forth in the statute, and (2) Where a complaint does not state a cause of action, and the Statute of Limitation having run, does the Court have authority to allow the respondent to amend the complaint by alleging the beneficiaries and their relationship and thus state a cause of action?

Both questions are definitely settled adversely to respondent in the case of *Lilly v. Charlotte, Columbia & Augusta Railroad Company,* 32 S. C., 142, 10 S. E., 932, the legal issues in that case being identical with those in the instant case.

This Court was confronted with an analogous situation in *Ouzts v. State Highway Department,* 161 S. C., 21, 159 S. E., 457, 458.

In the *Ouzts case* the highway department demurred to the complaint, "That it does not appear upon the face of the complaint that a claim giving the date and place where the injury or damage occurred, and the amount claimed, has been made out, sworn to and filed with the defendant, as required by law."

In passing upon this ground of the demurrer, the Court says: " * * * In the *Casualty Company case, supra* [*United States Casualty Co. v. State Highway Dept.,* 155 S. C., 77, 151 S. E., 887], this Court indicated that the terms and conditions prescribed by the statute for suit against the State Highway Department must be strictly complied with, and held, in effect, that, in order to state a cause of action under the statute, it is essential to allege that the plaintiff has filed his claim with the department as required by the Act. In the present case, no such allegation was made in the complaint, and the plaintiff, after lapse of the time limited

by the statute for bringing the action, sought by amendment to supply it, which was allowed by the trial Judge. This was error. The time for bringing suit having lapsed, the Court was without power to allow an amendment giving a cause of action where none was alleged and where none could then exist. See *Lilly v. Railroad Company*, 32 S. C., 142, 10 S. E., 932."

The exceptions of appellant are sustained, and the order allowing an amendment to the complaint is reversed.

Mr. Chief Justice Bonham, Messrs. Associate Justices Fishburne and Stukes, and Mr. Acting Associate Justice E. H. Henderson concur.