16065

## SANDERS v. STATE HIGHWAY DEPARTMENT

(47 S. E. (2d) 306)

*Mr. Fred L. Hiers,* and *Messrs. Kearse & Ness,* of Bamberg, for Appellant,

*Messrs. John M. Daniel,* Attorney General, and *T. C. Callison* and *J. Monroe Fulmer,* Assistant Attorneys General, of Columbia, for Respondent,

April 7, 1948.

STUKES, Justice:

The plaintiff, now appellant, in this action was seriously injured in a collision between his automobile, which he was driving, and the automobile of one Marcus Still. The suit for damages is against the State Highway Department upon allegations of negligent maintenance of the highway which resulted in an unsafe condition of the surface of the road for travel and the growth of weeds along the road which it is claimed obstructed the vision of the driver.

The trial judge overruled motions by the defendant for nonsuit and for directed verdict and the jury found for the plaintiff $4,000.00. Thereafter defendant moved for judgment *non obstante veredicto* and, in the alternative, for a new trial. After arguments which were postponed until transcript of the testimony could be obtained, the court set aside the verdict of the jury and granted judgment notwithstanding and held that he had committed error in refusing the motion of defendant for direction of verdict in its favor. The conclusion was that the collision resulted from plaintiff's gross negligence and that there was no negligence on the part of the defendant. Plaintiff appealed upon the grounds, in substance, that the evidence was susceptible of a reasonable inference of negligence on the part of the defendant which was the proximate cause of the collision and, incidentally and arguendo, that the trial judge was influenced in his decision by his view of the locus when he accompanied the jury to the scene at the time of trial, which was some eight months after the accident.

The collision occurred on the inside of a curve, which was the side of the road to appellant's left, on State Highway No. 304, a sand-clay road in Barnwell County between the town of Hilda and Friendship Church. The highway is in fact a country road, constructed by the county and thereafter taken over by the State which has not reconstructed or improved it. The map in evidence shows that the curve is not a sharp one, but rather gradual in both directions. Appellant was traveling south and when he

reached the curve he went on the left of the road instead of holding to the right, which, of course, the statute (Code, Sec. 1616) requires, and he alleges that he was unable to see the approaching vehicle because of the growth of weeds on the shoulder of his left of the highway. It is undisputed that the collision happened on appellant's left of the road. In explanation he and other witnesses for him testified that his right of the road, the outside or apex of the curve, was so worn and washed that it could not be safely traveled. Considering the evidence as a whole, however, we agree with the trial judge that the only reasonable inference is that the whole width, considerably over twenty feet, of the road was travelable and that appellant was guilty of at least simple contributory negligence in attempting to round the curve on his left of the road. In reaching this conclusion we do not overlook the rule that it is encumbent upon the court in such a case to view the evidence most favorably to plaintiff.

A principal witness for appellant, a former magistrate, who lives just beyond the curve from appellant's approach and saw the wreck, testified that while people driving in that direction usually used the inside, or left-hand side, of the road at the curve, the other side was entirely safe for travel and the witness, himself, used it very often and complied with the law by keeping his vehicle to the right of the center. The ambulance which took appellant from the scene of the accident shortly afterward traveled on the right of the road at this point.

The respondent is the State itself with respect to liability to suit for damages and may be sued only upon the terms and conditions of the enabling statute, which is Sec. 5887 of the Code of 1942. Subdivision (2) provides that the plaintiff in such an action, quoting, "must allege and prove that he, she or it did not bring about the injury by his, her or its own negligence, nor negligently contribute thereto * * *." This puts the unusual onus upon the plaintiff to affirmatively allege and prove freedom

from contributory negligence, with the attendant burden of proof.

The rule is expressed in *Lusk v. State Highway Department,* 181 S. C. 101, 186 S. E. 786, 793, as follows: "If the only reasonable inference to be drawn from all of the testimony is that the negligence of the complainant is a direct and proximate cause of the injury and damage, or that the negligence of the complainant contributed as a direct and proximate cause, then it would be the duty of the trial judge to order a nonsuit or direct a verdict against such plaintiff. And especially is this true in cases brought against governmental subdivisions and agencies where the right of recovery is allowed conditioned upon the plaintiff affirmatively proving that he, she, or it is without negligence or did not negligently contribute to the injury and damage." See also, *Cooper v. South Carolina Highway Department,* 183 S. C. 155, 190 S. E. 499. Precedent for the result of this case is found in *Bunton v. South Carolina State Highway Department,* 186 S. C. 463, 196 S. E. 188. There this court reversed judgment for plaintiff and directed entry of such for the defendant; supporting evidence was found in the record to submit to the jury the factual issue of negligence of the defendant and reversal was solely upon the ground that the only reasonable inference from the evidence was that plaintiff contributed to the injury by her own negligence. The first finding would seem unnecessary in view of the latter, and that course is followed here.

We do not think that it can be reasonably inferred from the evidence in this case that appellant did not negligently contribute to his injury. There was, therefore, no issue for the jury thereabout and there was no error in the granting of the judgment for respondent, notwithstanding the verdict. This result follows without the necesssity of determining whether there was evidence of negligence on the part of respondent in the particulars alleged in the complaint. Under the testimony that may well have been an issuable

fact. Liability does not exist in such a case as this, even granting negligence of defendant, in the absence of evidence from which it may be reasonably inferred that plaintiff was free from contributory negligence.

Instead of successfully carrying the burden of proof of the absence of contributory negligence, required by the statute, appellant rather conclusively proved the contrary by the evidence adduced by him, that is, that he contributed to the injury by his own negligence. He testified that his vision was so obstructed by the growth at the edge of the road that he could see only about ten feet around the curve, that he nevertheless proceeded on the left of the road until collision with the oncoming car which was on its right of the road and which he did not see until the moment of the collision. Appellant attempted to justify his violation of this primary rule of the road and of the expressly applicable statute by saying that his right side of the road was rough and he could not travel it. He said that his automobile was in good mechanical condition and could have been stopped quickly but that he saw the other automobile too late to stop; and he admitted that it would have been the wise thing to have stopped beforehand to see whether there was other traffic on the curve. The relevant statute, Code Sec. 1616, has been cited. Here copied is the pertinent part of Subsec. (9):

"(b) No vehicle shall be driven to the left side of the roadway under the following conditions:

"1. When approaching the crest of a grade or upon a curve in the highway where the driver's view along the highway is obstructed."

The motion for directed verdict should have been granted, hence it was proper to order judgment notwithstanding the verdict.

Inspection of the place of the accident by judge, jury and counsel, which was had during the trial by order of the court on motion of respondent, was effec-

tive to introduce the scene in evidence and there is no reason apparent (and we have been cited no authority) why it should not be considered by the Court, along with all of the other evidence, in his consideration of motion to direct the verdict or grant judgment *non obstante*. However, we do not find in the order under appeal that the judge's view of the scene particularly influenced his decision. He recited that at the time of the trial, when he visited the scene with the jury, that the left bank adjoining the road was clear of weeds and the roadway on both sides was in good condition for travel, but that the changed conditions were considered merely to assist the court in visualizing conditions as they were at the time of the collision. There was no error in this respect. This Court, of course, has had no view of the premises and the single question necessary to determination of the appeal has been decided upon consideration of the contents of the record and the map which was in evidence.

Section 643 of the Code of 1942 expressly authorizes the inspection of *loci* in question, and decisions applying it are rather numerous. That nearest to this appears to be *Lee v. Northwestern R. Co.,* 84 S. C. 125, 65 S. E. 1031. An exception was based upon the implication that the judge inspected the place of the accident after the trial and was thereby influenced in his order granting a new trial *nisi*. The exception was overruled because it did not appear in the record that his inspection was not made during the trial and along with the jury. In the order it was stated that it was based "upon the testimony and upon the inspection of the locus" but it was not recited when or under what circumstances the inspection was made. It was said that inspection of the locus by the court might be proper for understanding and application of the oral testimony descriptive of it, but in that event counsel should be notified and allowed to argue the testimony, so understood and applied, before decision upon the motion. This decision was reviewed without criticism, indeed impliedly approved, in the case of *Ralph v. Southern R. Co.,* 160 S. C. 229, 158 S. E. 409, in which in-

spection of the premises by the trial judge was condemned because it was privately done, without notice to counsel who therefore had no opportunity to argue the court's observations, which latter were given weight in the consideration of the motion for new trial. The cited cases countenance consideration by the judge of the facts observed by him upon an inspection of the locus when the latter is had pursuant to the statute and the rules laid down in the decisions. There appears no violation of either in this case.

The exceptions are overruled and the judgment affirmed.

BAKER, C. J., and FISHBURNE, TAYLOR, and OXNER, JJ., concur.