16234

SELLERS v. LEWIS & HOLMES MOTOR FREIGHT
CORPORATION *ET AL.*
(54 S. E. (2d) 806)

*Messrs. Stevenson & Lindsay,* of Bennettsville, *for Appellant,*

*Messrs. Tison & Miller, N. W. Edens, Sidney S. Tison, Jr.,* and *Julia K. Tison,* all of Bennettsville, *for Respondent,*

*Messrs. Stevenson & Lindsay,* of Bennettsville, *for Appellant, in reply,*

June 30, 1949.

TAYLOR, Justice.

This case is an action for damages for the wrongful death of Ollie Sellers, which resulted from a collision January 30, 1944, between an automobile in which she was riding and a truck belonging to the first named defendant. Upon trial of the cause, it was disclosed that the crash occurred within the State of North Carolina, whereupon at the conclusion of plaintiff's case both defendants made timely motions for a non-suit. Plaintiff then moved to amend his complaint accordingly. The trial judge granted defendant's motion as to the Casualty Company but refused as to the other defendant and granted the motion of plaintiff to amend.

In seasonable time the defendant appealed from the order refusing to grant a non-suit and granting the plaintiff the right to amend, setting up a cause of action under and pleading the North Carolina statutes and law applicable thereto, contending that the amendment constitutes a new cause of action. There are other cases pending which arose out of this same collision and both parties desire to have this question determined before proceeding further. Subsequent to the issuance of the order appealed from in this case, counsel moved for permission to similarly amend the complaints in those cases. The motion being granted, the defendant also appeals from this order and it is understood that the court's decision in the case now under consideration will be determinative of the questions in the other cases. The question of appealability is not raised and, therefore will not be considered.

The complaint discloses that this action was brought under the Lord Campbell's Act for South Carolina, Code 1942, §§ 411, 412, and followed the standard procedure in so far as the pleadings are concerned.

We might begin the consideration of this matter by stating that at common law there was no right of action for death caused by wrongful act; therefore plaintiff's right existed by reason of and within the provisions of the statute.

Upon the trial of the cause his proof failed by reason of the crash having occurred across the line in another state. The time for bringing such an action in that state having expired under the statute, plaintiff now seeks to amend so as to come within the North Carolina statute, G. S. § 28-173, which provides that an action might be maintained for the negligent act of another person also under Section 20-154 of the 1943 Code of said State.

In the case of *Kennemore v. South Carolina State Highway Department,* 199 S. C. 85, 18 S. E. (2d) 611, this court citing the case of *Lilly v. Charlotte, Columbia and*

*Augusta Railway Co.,* 32 S. C. 142, 10 S. E. 932, used the following language:

"There are two questions involved, (1) Does the complaint, which is brought for the wrongful death of respondent's intestate, state a cause of action, which does not allege the name of the beneficiary or beneficiaries and their relationship to the deceased as set forth in the statute, and (2) Where a complaint does not state a cause of action, and the Statute of Limitation having run, does the court have authority to allow the respondent to amend the complaint by alleging the beneficiaries and their relationship and thus state a cause of action?

"(1, 2) Both questions are definitely settled adversely to respondent in the case of *Lilly v. Charlotte, Columbia & Augusta Railroad Company,* 32 S. C. 142, 10 S. E. 932, the legal issues in that case being identical with those in the instant case.

"This Court was confronted with an analogous situation in *Outz v. State Highway Department,* 161 S. C. 21, 159 S. E. 457, 458.

"In the *Outz case* the Highway Department demurred to the complaint, 'That it does not appear upon the face of the complaint that a claim giving the date and place where the injury or damage occurred, and the amount claimed, has been made out, sworn to and filed with the defendant, as required by law.'

"In passing upon this ground of the demurrer, the Court says: '* * * In the *Casualty Company case, supra, United States Casualty Co. v. State Highway Dept.,* 155 S. C. 77, 151 S. E. 887, this court indicated that the terms and conditions prescribed by the statute for suit against the state highway department must be strictly complied with, and held, in effect, that, in order to state a cause of action under the statute, it is essential to allege that the plaintiff has filed his claim with the department as required by the act. In the present case, no such allegation was made in the

complaint, and the plaintiff, after lapse of the time limited by the statute for bringing the action, sought by amendment to supply it, which was allowed by the trial judge. This was error. The time for bringing suit having lapsed, the court was without power to allow an amendment giving a cause of action where none was alleged and where none could then exist. See *Lilly v. Railroad Company,* 32 S. C. 142, 10 S. E. 932.' "

In a case involving the necessary allegations for wrongful death under the Lord Campbell's Act of South Carolina it is not necessary to allege the local law applicable since the court takes judicial notice thereof. But when the law of another state is relied upon then such law must be alleged and proven and therefore is an essential part of the cause of action. This is an indication that the two have always been treated by the courts of this state as separate causes of action, and that the right given by statute of one state is different from that given by the statute of another. There is a distinction in the requirements when the cause of action is one that is given by a statute, wherein there are time limitations which become a component part of the cause of action and causes of action barred merely by the general statute of limitations. We are of the opinion that the proposed amendment would not simply supplement a faulty statement of a cause of action by adding or striking out the name of a party, or correcting a mistake in the name of a party etc., or by inserting other allegations material to the case, but would amount to substituting a cause of action where none existed by reason of the fact that plaintiff had no cause of action in South Carolina. This is in line with the holding of this court in the case of *Smith v. Atlantic Coast Line Ry.,* 212 S. C. 332, 47 S. E. (2d) 725; *Outz v. State Highway Department,* 161 S. C. 21, 159 S. E. 457; *Lilly v. Charlotte C. & A. R. Ry. Co.,* 32 S. C. 142, 10 S. E. 932. On this question the authorities in other jurisdictions seem to be hopelessly divided with the trend toward more leniency in allowing amendments. However, we are governed

by our own decisions which might appear rather technical and harsh, nevertheless well established. For a further discussion of this subject see 34 Am. Jur. 220; 30 L. R. A., N. S., 1096; *Hogarty v. Philadelphia & R. R. Co.,* 255 Pa. 236, 99 A. 741, 8 A. L. R. 1405; 74 A. L. R. 1272-1273. We are, therefore, of the opinion that the order allowing the amendment should be reversed and it is so ordered.

Judgment reversed.

BAKER, C. J. and FISHBURNE, STUKES and OXNER, JJ., concur.

On Petition for Rehearing

August 8, 1949.

PER CURIAM.

The petition for rehearing points out that this is an appeal of many cases and the transcript and briefs are in such form as to be confusing. Upon consideration, it is ordered that the following be added to the opinion heretofore filed, whereupon the petition is dismissed:

The other appeals referred to hereinabove include actions for wrongful death which are controlled by what has been said and the order of Judge Lewis permitting amendments to the complaints in those death actions is reversed. However, some of these actions are for personal injuries and as to them the order of Judge Lewis is affirmed, without prejudice to defendants to answer the amended complaints in due time as they may be advised.

Affirmed in part; reversed in part.