Hettie Lell O. SIMMONS, Molzie Lezelle DuBoise, Hettie Mae McCabe, Vina Eloise Plyler, and Van Carl Simmons, heirs at law of W. F. Simmons, Deceased, and Hettie Lell O. Simmons, as sole devisee under the Last Will and Testament of W. F. Simmons, Deceased, Plaintiffs,

v.

SOUTH CAROLINA STATE HIGHWAY DEPARTMENT and the United States of America, Defendants.

Civ. A. No. 7402.

United States District Court
E. D. South Carolina,
Florence Division.

July 18, 1961.

H. T. Abbott, Conway, S. C., for plaintiffs.

Daniel R. McLeod, Atty. Gen., and J. C. Coleman, Jr., Asst. Atty. Gen., for defendant South Carolina State Highway Department.

Thomas P. Simpson, Asst. U. S. Atty., Charleston, S. C., for defendant United States.

WYCHE, District Judge.

The above case is before me upon motion of the defendant South Carolina State Highway Department "for an order dismissing this action against the defendant South Carolina State Highway Department, an agency of the State of South Carolina, on the ground that it appears from the complaint that this action in so far as it joins the South Carolina State Highway Department as a party defendant, is in fact an action commenced against the State of South Carolina, and that the Court lacks jurisdiction of the subject matter of the action, for the reason that the State of South Carolina constitutes a sovereignty and, as such, is immune from suit without its consent, and that said immunity has not been waived with respect to this action".

Plaintiffs base their claim of jurisdiction of the United States District Court for the Eastern District of South Carolina, upon the allegations of paragraph 10 of their complaint which is as follows: "That the plaintiffs are informed and believe and allege that the acts of the defendants as set forth above constitute a taking of the property of W. F. Simmons, Deceased by the defendants; this being a taking of private property by the defendants without just compensation being made therefor, and is in violation of the Fifth Amendment to the Constitution of the United States, which provides that private property shall not be taken for public use without just compensation."

In this case the plaintiffs are all citizens of the State of South Carolina.

A State cannot, without its consent, be sued in a District Court of the United States by one of its own citizens upon the claim that the case is one that arises under the Constitution and laws of the United States. Hans v. State of Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842; Principality of Monaco v. State of Mississippi, 292 U.S. 313, 54 S. Ct. 745, 78 L.Ed. 1282; Duhne v. State of New Jersey, 251 U.S. 311, 40 S.Ct. 154, 64 L.Ed. 280.

A suit against the State Highway Department is a suit against the State. State ex rel. Lyon v. State Dispensary Commission, 79 S.C. 316, 60 S. E. 928, affirmed Murray v. State of South Carolina, 213 U.S. 174, 29 S.Ct. 465, 53 L. Ed. 752; Sanders v. State Highway Department, 212 S.C. 224, 47 S.E.2d 306; Ouzts v. State Highway Department, 161 S.C. 21, 159 S.E. 457.

The State of South Carolina has not consented to be sued in this case.

It is, therefore, my opinion that the motion should be granted, and that this action against the defendant South Carolina State Highway Department should be dismissed for lack of jurisdiction, and

It is so ordered.