**SOUTHERN RAILWAY COMPANY,**
Plaintiff,

v.

**SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, City of Aiken, and Sherman Converse, Defendants.**

**Civ. A. No. AC–1614.**

United States District Court
E. D. South Carolina,
Aiken Division.

Oct. 20, 1965.

Edward C. Cushman, Jr., Henderson, Salley, Cushman & Summerall, Aiken, S. C., for plaintiff.

Daniel R. McLeod, Atty. Gen., by J. McNary Spigner, Asst. Atty. Gen., Columbia, S. C., Dorcey Lybrand, Lybrand, Rich & Cain, Aiken, S. C., for S. C. State Hwy. Dept.

Henry Busbee, Aiken, S. C., for City of Aiken.

Arthur D. Rich, Lybrand, Rich & Cain, Aiken, S. C., for Sherman Converse.

SIMONS, District Judge.

This is a suit commenced by the plaintiff herein, a corporation incorporated under the laws of the State of Virginia which does not have its principal place of business in the State of South Carolina, against the defendant South Carolina State Highway Department, a Department and agency of the State of South Carolina, the defendant City of Aiken, a municipal corporation created and existing under the laws of the State of South Carolina, and the defendant Sherman Converse, a citizen and resident of the City and County of Aiken, South Carolina. Jurisdiction is alleged to be vested in this court by virtue of the provisions of Section 1332, Title 28, U.S.C.A., based upon diversity of citizenship between plaintiff and defendants and the allegation of the complaint that the matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000.00. Plaintiff alleges that the defendants have created by their joint and several wrongful and negligent acts a situation whereby tremendous quantities of surface waters are impounded, collected, channeled and diverted by artificial means and cast in concentrated form upon plaintiff's railroad right-of-

way, causing said right-of-way to be damaged, eroded, and covered by surface waters, silt, sand and debris; that such joint and several wrongful and negligent acts of the defendants have caused plaintiff to incur great expense for repairs to its right-of-way and to incur loss and expense due to the disruption and loss of its use of said right-of-way. The complaint further alleges that such wrongful and negligent acts of the defendants constitute a continuous trespass to and invasion of the plaintiff's property rights in its said right-of-way. It is further alleged in paragraph 5 of plaintiff's complaint that the aforesaid joint and several wrongful acts of the defendants, South Carolina State Highway Department and The City of Aiken, constitute a taking of plaintiff's private property by said two defendants for public purposes without just compensation being paid therefor in violation of the Constitution of the State of South Carolina and of the Constitution of the United States.

The prayer of plaintiff's complaint demands: [1] That the defendants be perpetually enjoined and restrained, jointly and severally, from collecting surface waters by artificial means and casting them in concentrated forms upon plaintiff's right-of-way: and [2] for actual damages against the defendants in the sum of Fifteen Thousand Dollars [$15,000.00], and for the costs of this action.

Defendant South Carolina State Highway Department filed its motion to dismiss this action against it upon the grounds that this is a cause of action against the State of South Carolina which is immune from suit in the Federal Courts without its consent under the Eleventh Amendment of the United States Constitution, since its immunity to suit in such instances has not been waived by said defendant.

It is conceded by counsel for the parties that a suit against the South Carolina State Highway Department constitutes an action against the State;[1] and it is further conceded by counsel that plaintiff would, under South Carolina law, be permitted to pursue this action against the Highway Department in the State courts.[2] Therefore, the sole question before the court is whether or not plaintiff has the right to bring and maintain this action against defendant South Carolina State Highway Department in the Federal District Court to recover damages for wrongful and negligent conduct on its part and/or to recover just compensation for the taking of its private property for public use.

From a careful reading of the complaint the court is unable to determine whether the instant suit is an action *ex delicto* for the tortious injuries to plaintiff's property, or one for just compensation for the taking of plaintiff's property. At the hearing on the motion before me on September 13, 1965, in oral argument by counsel for plaintiff it was asserted that the main thrust of plaintiff's cause against defendant South Carolina State Highway Department was for the wrongful taking of plaintiff's private property for public use without just compensation, in violation of the Constitutions of the State of South Carolina and of the United States. Although it was conceded by plaintiff's counsel at the hearing before me that a suit against defendant South Carolina State Highway Department was in actuality a suit against the State of South Carolina, and that the State had not consented to the bringing of such suits in the Federal District Courts, they strongly urged that the substantive rights which plaintiff sought to protect and enforce in this

1. Sanders v. State Highway Dept., 212 S.C. 224, 47 S.E.2d 306 [1948]; Ouzts v. State Highway Department, 161 S.C. 21, 159 S.E. 457 [1931]; Simmons v. South Carolina State Highway Department, D.C., 195 F.Supp. 516 [1961].

2. Chick Springs Water Co. v. State Highway Department, 159 S.C. 481, 157 S.E. 842 [1931].

suit were not based upon legislative grace, but were inherent and self-executing rights under the Constitutions of the State of South Carolina and of the United States. Counsel for defendant South Carolina State Highway Department contended that this suit was clearly barred by the Eleventh Amendment of the Constitution of the United States since the State of South Carolina had not consented to be sued in this court.

■ It is too well established to require citation of authority that this court does not have jurisdiction to entertain a suit by plaintiff against the State of South Carolina for wrongful injuries and damages to its property, based upon an action *ex delicto,* where the State has not clearly consented thereto. See Conner v. South Carolina Public Service Authority, 91 F.Supp. 262 [D.C.S.C.1950]; Rice Hope Plantation v. South Carolina Public Service Authority, 216 S.C. 500, 59 S.E.2d 132 [1959]. The genuine issue raised by the motion to dismiss in this case is whether or not the plaintiff is barred by the Eleventh Amendment of the Constitution of the United States to maintain its suit against the defendant, South Carolina State Highway Department, for damages resulting from the taking of its private property for public purposes without just compensation in violation of the Constitutions of the State of South Carolina and of the United States, in the absence of the State's clear and unequivocal consent to be sued in such actions.

The Eleventh Amendment of the United States Constitution provides as follows:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Clearly this amendment forbids such an action as the case at bar from being prosecuted in the Federal Court, unless the State has waived its immunity and has consented to its being sued therein. In this instance neither the South Carolina State Highway Department, nor the State of South Carolina consented to be sued in the Federal Court.

Plaintiff argues, however, that the right to just compensation for the taking of its private property for public use is a right granted by the Constitution and laws of the State of South Carolina; and that, therefore, the suit may be brought in Federal Court without the consent of the State, in that the substantive right is not that of legislative grace, but an inherent and self-executing right under the Constitution of the State of South Carolina.

In DuPont v. South Carolina Public Service Authority, 100 F.Supp. 778 [D.C. S.C.1951], a similar motion to dismiss was before the court in reference to the taking of private property by the South Carolina Public Service Authority. In that case it was held that the plaintiff, a foreign corporation, had no right to bring such a suit in the Federal Court, since the State had not waived its immunity under the Eleventh Amendment. The precise argument of counsel for plaintiff in our case concerning self-execution of the provisions of the South Carolina Constitution was not raised in that case. Plaintiff argued there that the Statute creating the Public Service Authority, which permitted it to sue and be sued, should have been construed to mean that the suit could be brought in any court, state or federal. The District Court did not agree, and the suit was dismissed by Judge Waring.

In Simmons v. South Carolina State Highway Department, 195 F.Supp. 516 [D.C.S.C.1961], the South Carolina Highway Department made motion to be dismissed as party-defendant upon same grounds as presented herein. Plaintiff was seeking compensation in that case for the taking of private property without just compensation by the defendant in violation of the Fifth Amendment to the Constitution of the United States. There plaintiffs were all citizens of the State of South Carolina, and the court

held that a State cannot without its consent be sued in the District Court of the United States by one of its own citizens, upon the claim that the case is one that arises under the Constitution and laws of the United States.[3]

 Although plaintiff here concededly has a right to sue the South Carolina State Highway Department in the courts of South Carolina under the facts alleged in its complaint, I must conclude that this court does not have jurisdiction to entertain this suit because the State has not consented to be sued in the Federal Court. It is well established beyond peradventure that a State may consent to be sued in her own courts without waiving her immunity to suit in the Federal Courts under the Eleventh Amendment to the Constitution of the United States.[4] Furthermore, the accepted rule is that a State's consent to suit in Federal Court by citizens of its own State or of a foreign state must be clearly and unmistakenly given, and in absence of such a clear declaration it cannot be said that a State has so consented.[5]

I, therefore, conclude that if a State cannot, without its consent, be sued in a court of the United States by one of its own citizens or a citizen of another State upon grounds that the case arises under the Constitution and laws of the United States, it cannot be said that such immunity has been waived upon the claim that a cause of action is one that arises under the Constitution and laws of the State of South Carolina. Although State constitutional provisions may give rise to a cause of action against the State in her own courts, her consent to be sued in the federal courts upon such a claim must be clearly and unmistakenly granted. Such consent has not been given in this instance. It is, therefore,

Ordered that this suit be dismissed as to the defendant South Carolina State Highway Department.

---

3. Hans v. State of Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842; Principality of Monaco v. State of Mississippi, 292 U.S. 313, 54 S.Ct. 745, 78 L.Ed. 1282; Dukne v State of New Jersey, 251 U.S. 311, 40 S.Ct. 154, 64 L.Ed. 280.

4. Markham v. City of Newport News, 292 F.2d 711 [4th Cir. 1961] and cases cited therein at 716.

5. Kennecott Copper Corp. v. State Tax Commission, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 [1946]; Murray v. Wilson Distilling Co., 213 U.S. 151, 29 S.Ct. 458, 53 L.Ed. 742 [1909]; Chandler v. Dix, 194 U.S. 590, 24 S.Ct. 766, 48 L.Ed. 1129 [1904]; Copper S. S. Co. v. State of Michigan, 194 F.2d 465 [6th Cir. 1952]; Chicago R. I. & P. R. Co. v. Long, 181 F.2d 295 [8th Cir. 1950]; Miller v. State of Vermont, 201 F.Supp. 930 [1962].