## HAMER v. BROWN.

1. INJUNCTION—STOCK LAW.—An injunction to restrain the County Commissioners from carrying out so much of the provisions of a statute as authorizes the removal of a fence so as to include a larger area of land within a portion of a county exempted from the general stock law of the State, was properly refused by the Circuit Court, where the only grounds stated in the complaint for an injunction in plaintiff's favor are that he owns valuable agricultural lands lying wholly within such enlarged exempted territory, that the stock of insolvent neighbors will destroy his crops, that he

has not timber enough to fence out such stock, and that his tenants will leave him—there being no allegations that the fence about to be erected is to be removed to his land or from it, or that his timber is to be used in its construction, or that any tax is about to be levied for this purpose.

2. APPEAL FROM DECREE—OTHER GROUNDS.—On appeal from a decree dismissing a complaint because it did not state facts sufficient to constitute a cause of action for an injunction, this court cannot consider questions not raised or considered below.

3. DEMURRER SUSTAINED—AMENDMENT.—But as there are other grave questions arising under this statute which may affect the rights of plaintiff, the Circuit Judge properly permitted him to amend his complaint within twenty days.

Before FRASER, J., Williamsburg, May, 1893.

This was an action by Daniel H. Hamer against W. R. Brown, J. J. Graham, and B. B. Chandler, as county commissioners of Williamsburg County. The first four paragraphs of the complaint allege that the defendants were such county commissioners, that plaintiff owned 1,500 acres of land, describing it, worth five dollars an acre, which he had owned since February 8, 1882, and that he planted by himself and tenants, as his only means of support, 400 acres of this land. The rest of the complaint was as follows:

5. That ever since he has owned the said place the plaintiff has been planting and cultivating the same without fences, and without interruption from roaming stock or otherwise; that said place is very scarce of material for building fences, and the plaintiff could not now fence his lands under cultivation without buying material at enormous expense, and at such prices and on such terms as he is unable to pay. 6. That under the act of the General Assembly, entitled "An act to provide for the exemption of certain counties in this State from the provisions of Chapter XXVII. of the General Statutes, relating to the general stock law," approved December 23, 1882, 18 Stat., 238, the county commissioners for said county for some years past have erected and maintained a fence between the section in said act exempted and the rest of said county of Williamsburg, which fence lies east of the said plantation of the plaintiff, and does not embrace the said plantation in the

22—40

said exempted territory. That the said plantation lies between
the said fence and the Lenud's Ferry road. 7. That under an
act of the General Assembly of this State, entitled "An act to
exempt certain portions of Anderson and Penn Townships, in
Williamsburg County, from the provisions of Chapter XXVII.
of the General Statutes relating to the general stock law," the
defendants are proceeding, against the will of the plaintiff and
of the majority of the freeholders in the section of country in
said act described, and in which plaintiff's said plantation is
situated, and without any compensation to the plaintiff for his
reasonable damages or provision for the same, to remove the
fence from where it now runs, and build another fence along
the Lenud's Ferry road, so as to include plaintiff's said plan-
tation in a general pasture provided for by the acts aforesaid,
and thereby appropriate the same to the use of the stock owners
in the said pasture, notwithstanding notice from the plaintiff to
the defendants prohibiting the same. 8. That in said additional
section of country now proposed to be embraced in said general
pasture, there are not more than ten head of cattle and twenty-
five head of hogs, no sheep and goats, and very few dogs, and
an absolute sale of all such stock in said section would not
build the fence now projected. 9. That the cattle in said gen-
eral pasture roam in large herds of from twenty-five to one
hundred head, and if allowed to run at large and about plain-
tiff's land, in one night a single herd could almost run over
and destroy plaintiff's entire crop, and he is without sufficient
means to prevent such destruction. 10. That many of the per-
sons owning stock in the said general pasture are utterly insol-
vent, and could not be made to respond in damages for any
injury that their stock might do to plaintiff's crop or premises.
11. That if his plantation is enclosed in said pasture, the plain-
tiff's tenants would desert his premises, and he would thereby
lose his rents and his income from that source. 12. That by
said actions and proceedings on the part of the defendant, the
plaintiff would suffer great, permanent, and irreparable dam-
age, and he is without other remedy in the premises. Where-
fore the plaintiff demands judgment: 1. That the said defendants
be restrained and enjoined from enclosing the plaintiff's said

plantation in said pasture.    2. For such other and further relief as to the court may seem just.    3. For the costs of this action.

*Mr. T. M. Gilland,* for appellant.

*Mr. E. G. Chandler,* contra.

February 16, 1894.   The opinion of the court was delivered by

MR. JUSTICE MCGOWAN.    This was an action to enjoin the county commissioners of Williamsburg from carrying into effect certain provisions of an act of the legislature (1892, page 361), by which, it will be observed, certain additional territory in said County of Williamsburg was exempted from the operation of Chapter XXVII. of the General Statutes, relating to the general stock law, and by said injunction preventing the defendants from removing the fence around the original exemption, and building another fence around the lines of the additional exemption, including the plaintiff's plantation of 1,500 acres of land.   The complaint does not state that the old fence is to be removed *from* or the new fence placed *upon* any portion of plaintiff's plantation, which lies entirely within the additional exemption, or that any of the plaintiff's timber is to be used in the construction of the new fence, nor does the complaint ask for any injunction against the collection of any tax *now* proposed to be levied.    As the Circuit Judge states it: "The injuries which the plaintiff seeks to avoid are those which grow out of the exposure of his crops to the stock roaming at large in this portion of the county, and adjoining on what, it is proposed to call, a 'big pasture,' unless the plaintiff shall, at very heavy expense, protect his crops by suitable fences, which are not now necessary, and also the loss from taxation, which the plaintiff and others expect hereafter to suffer, from the carrying out of the provisions of the aforesaid act," &c.    (A full copy of the complaint should appear in the report of the case.)

The defendants commissioners demurred, that the complaint does not state facts sufficient to constitute a cause of action for an injunction, and the cause coming on to be heard before his honor, Judge Fraser, he decreed as follows: "The question presented to me is the constitutionality of the whole act, and to this

I will confine my ruling, so far as the plaintiff has the right to make it in this case, leaving it for the land-owners, whose lands will be appropriated for the new fence, to make their own points in their own. way. * * * There may be serious constitutional objections to this act, as to which I do not feel at liberty to express an opinion here. The only injuries complained of in this action are such that I do not think will warrant the court in granting the injunction prayed for, and, though in a more aggravated form, they are only such as every planter endured from the Colonial days, until the passage of the general stock law a few years ago. The plaintiff only complains here that it will be necessary for him to fence in his crops, to protect them from stock running at large. It is ordered, that the demurrer be sustained; that, however, the plaintiff have leave within twenty days to amend his complaint in any way he may be advised, and if not amended by that time, that the complaint be dismissed. It is further ordered, that if the complaint be amended, the defendants have twenty days after service of a copy of the amended complaint, to answer or demur to the same," &c.

The plaintiff excepts to the ruling of the presiding judge: "(1) That he erred in ruling that the injuries complained of in this action do not warrant the granting of the injunction asked for; and that the act of 1892 is constitutional. (2) That the presiding judge erred in holding that the complaint does not state facts sufficient to constitute a cause of action."

We think it is a mistake to suppose that the Circuit Judge held that the act of 1892 is constitutional in all of its provisions. On the contrary, he was very careful to guard against any such impression by expressly confining his rulings to the questions which the plaintiff had a right to make in this case, under the allegations and prayer of his complaint, leaving it for the land-holders, whose lands will be appropriated for the new fence, to make their own points in their own way, as in the case of *Fort* v. *Goodwin,* 36 S. C., 445. The Circuit Judge construed the complaint as only making one specific allegation—that the defendants are about to remove the fence "from where it now stands, and building another

fence so as to include plaintiff's plantation," without actually touching it at any point. It is not stated in the complaint whether or not certain *provisoes* in the act have been complied with on the part of the county commissioners, &c. We think the judge did right in limiting his rulings to the case made in the pleadings; and, as a consequence, this court here can not consider any original questions not made below, or decided by the judge. We can not say that, in this view, he committed error in sustaining the demurrer; for if the legislature had the constitutional right to create the first exemption from the operation of the general stock law, we can not clearly see why, considered as the sole question, they had not the right simply to enlarge that exemption.

But the judge said further, that there might be serious constitutional objections to the act, as to which, on the complaint alone, he was not at liberty to express an opinion; and, therefore, while sustaining the demurrer, he gave the plaintiff leave, within twenty days, to amend his complaint in any manner he may be advised; and, if not amended within that time, that the complaint be dismissed. And he ordered, further, "that if the complaint be amended, the defendants have twenty days after service of a copy of the amended complaint to answer or demur to the same," &c. We also agree with the Circuit Judge that it was proper to give to the plaintiff the right to amend his complaint as he may be advised. The general stock law, with the exemptions made to it at different times, have given rise to questions which are important and novel, and should receive the fullest consideration. As, for example, the act under consideration (1892), "To exempt certain portions of Williamsburg County from the operations of the general stock law," &c., contains these provisions as to which the complaint makes no specific allegations in regard to performance or non-performance on the part of the defendants. The proviso of the second section is as follows: *Provided,* That the said county commissioners shall levy a special tax upon the assessed value of all the cattle, hogs, sheep, dogs, and goats, embraced in such section exempted as aforesaid, sufficient to remove said old fence and to

build said new fence, and repairs," &c. And the fourth section provides as follows: "That this act shall go into effect from and after the provisions of sections 2 and 3 of same are complied with." It seems to us that these are important provisions upon the question as to whether the plaintiff is entitled to have an injunction against the removal of the old fence, and the act of 1892 declared unconstitutional.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.