11693

J. B. COLT CO. v. KYZER

(126 S. E., 520)

1. PLEADING — STATUTE PROHIBITING AMENDMENT SUBSTANTIALLY CHANGING CLAIM OR DEFENSE APPLICABLE ONLY TO AMENDMENTS DURING OR AFTER TRIAL.—Code Civ. Proc., 1922, § 436, prohibiting amendment substantially changing claim or defense, applies only to amendments applied for during or after trial.

2. PLEADING—ALLOWANCE, BEFORE TRIAL, OF AMENDMENT, SUBSTANTIALLY CHANGING DEFENSE HELD WITHIN DISCRETION OF COURT.—Allowance, prior to trial, of amendment to answer substantially changing defense is within sound discretion of Court.

3. PLEADING—ALLOWANCE, BEFORE TRIAL, OF AMENDMENT TO ANSWER CHANGING DEFENSE HELD NOT ABUSE OF DISCRETION.—In action on note given for purchase price of gas lighting plant, in which original answer pleaded fraudulent representations, allowance, before trial, of amendment, pleading that plant as installed was defective and permitted escape of gas, *held* not abuse of discretion.

Before Thos. F. McDow, SPECIAL JUDGE, Lexington, November, 1924. Affirmed.

Action by J. B. Colt Company against Jones A. Kyzer. From an order allowing amendment to answer, plaintiff appeals.

*Mr. E. A. Blackwell,* for appellant, cites: *Was the Court correct in granting motion to amend answer:* Code Civ. Proc., 1922, Sec. 436; 18 S. C., 316; 21 S. C., 225.

*Messrs. Efird & Carroll,* for respondent, cite: *Motion to amend pleadings is addressed to discretion of the Circuit Judge:* 57 S. C., 502; 30 S. C., 564; 40 S. C., 336; 84 S. C., 267; 91 S. C., 51.

February 12, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

"This action was commenced by service of summons and complaint therein upon the defendant on the ——— day of January, 1922; it is based upon a certain promissory note alleged to have been given to plaintiff by defendant, bearing date of August 4, 1919, and maturing August 4, 1920, in the sum of $233.20. The defendant served his answer on February 5, 1922, setting up that, if the note sued upon was given, same was executed upon the false and fraudulent representations of plaintiff's agent in respect to a certain lighting plant for which said note was given to cover the purchase price, and that a fraud was practiced upon him in the transaction.

"The case was called for trial in the Court of Common Pleas on November 12, 1924. Upon the call thereof the defendant's counsel stated to the Court that he could not go to trial on the pleadings as then made up; that the defense interposed had been held by the Supreme Court of South Carolina in similar cases not to constitute a defense to the plaintiff's cause of action; but that he had been apprised on the day before by the defendant that he had another defense, and that he would prepare petition setting forth same later. Counsel then by consent proceeded to state what said de-

fense was; the statement thereof being in accordance with the petition of defendant subsequently filed and herein set out, and asked leave of the Court to amend his answer by setting up the defense referred to. After hearing arguments of counsel for both sides his Honor, the presiding Judge, passed an order allowing such amendment. From the Court's order this appeal is taken."

The amendment, as proposed in defendant's petition, is as follows:

"That some time previous to the filing of his answer herein one of the small pipes leading into one of the rooms of his house from the lighting plant was found to have a hole in it from which the gas escaped. He immediately notified the company that the plant was not giving satisfaction, and in a few days a man came as he said to fix it. He did some work on the pipe and stated to the petitioner that it was now all right. Some time thereafter his daughter attempted to use the iron, and after she had connected the iron with the gas pipes she attempted to light the gas iron with a match, and immediately a quantity of gas in the room caught on fire and came very near enveloping her and setting the house on fire."

The appellant's one exception imputes error to the Circuit Judge—

"in allowing the defendant to amend his answer upon the call of the case for trial; the said amendment substituting an entirely new and different defense to that originally set up, and substantially changing the defense in the cause."

The motion to amend was made before trial. The limitation of Section 436, Code Civ. Proc., 1922, that amendment shall not change substantially the claim or defense, applies only to amendments applied for during or after the trial. *Hall v. Woodward,* 30 S. C., 564; 9 S. E., 684, in which case the reasons for that construction of this code provision are convincingly stated. The allowance of the amendment, "in furtherance of justice," was

therefore a matter within the sound direction of the Circuit Judge. While the sufficiency of the amendment allowed to constitute a defense to the action may not be entirely apparent, the exercise of the Court's discretion is not attacked on that ground, and no such abuse of discretion has been shown as would warrant a reversal of the order. See *Hamer v. Brown,* 40 S. C., 336; 18 S. E., 938. *Taylor v. A. C. L. R. Co.,* 81 S. C., 574; 62 S. E., 1113. *Erskine v. Markhan,* 84 S. C., 267; 66 S. E., 286. *Holliday v. Railroad Co.,* 91 S. C., 51, 54; 74 S. E., 41.

The order appealed from is affirmed.

Messrs. Justices Watts and Fraser, and Mr. Acting Associate Justice W. C. Cothran concur.

Mr. Chief Justice Gary and Mr. Justice T. P. Cothran did not participate.