14739

BRANHAM v. WILSON MOTOR CO.

(198 S. E., 417)

2

*Mr. Frank B. Gary, Jr.,* for appellant,

*Mr. T. P. Taylor,* for respondent,

August 16, 1938.

The opinion of the Court was delivered by MR. A. L. GASTON, ACTING ASSOCIATE JUSTICE.

On 27th January, 1936, A. A. Branham acquired from Wilson Motor Company, in the City of Columbia, a used automobile partly by purchase on credit, secured by a mortgage on the car, and partly by the value of a trade-in car and some cash. A charge of $43.00 to cover insurance and carrying charges was added to the credit portion. The total of the deal was $318.00 less $90.00 in trade and cash. On 26th December, 1936, the mortgaged property was damaged $200.00 by a collision. Branham sues for actual and punitive damages. His complaint alleges that the defendant at the time of the trade, and as an inducement, agreed to insure the car for its cash value for twelve months against fire, theft and $50.00 deductible collision, and to pay for such insurance out of the $43.00 item. The complaint fur-

ther alleges that the defendant procured insurance in an insurance company to cover fire. theft, etc., at a premium of $7.02, but did not insure it against damage by collision although defendant collected from plaintiff the premium therefor and still retains the balance for defendant's own use.

The issue before the Court is focused upon the allegations of the complaint in these two paragraphs, to wit:

"Defendant had no intention of carrying out the said agreement at the time of entering into it and thereafter failed to carry it out, and retained the premium paid by plaintiff for its own use with the intent and for the purpose of cheating and defrauding plaintiff.

"As a result of the foregoing agreement by defendant to insure plaintiff's automobile and to pay for it out of the sum retained, and defendant's failure to carry out the agreement and its retention of the amount of money charged plaintiff for collision insurance constitutes a fraudulent breach of contract on the part of the defendant; and that as a result of the aforesaid wilful, wanton, fraudulent, malicious, unlawful and immoral acts of the defendant, plaintiff has been damaged $150.00 actual and $2,850.00 punitive damages."

On due notice and motion of the defendant the Court below passed an order, striking out the allegations and demand for punitive damages set forth in the complaint. The case comes here on appeal, upon the question: Is the complaint sufficient to sustain a claim for punitive damages for fraudulent breach of contract, accompanied by fraudulent acts?

The only act alleged is that the defendant retained $43.00 of plaintiff's money to cover the collision insurance, and other charges. The fraudulent intent is charged in greater detail, to wit: that the defendant had no intention at the time of the trade to carry it out, and retained the premium for its own use with the intent and for the purpose of cheating and defrauding plaintiff. It

may be conceded that the fraudulent intent and purpose to cheat and defraud are sufficiently alleged, to enable the plaintiff to go forward and submit the proof on this issue. But no recovery of punitive damages can be predicated upon a breach of contract with fraudulent intent to cheat, unless accompanied by a fraudulent act.

The alleged act of accepting the money in advance or adding it to the mortgage debt, with no intent to procure the insurance, is a grave and serious charge of misrepresentation as to a future purpose and as to subsequent facts. But the gravity of the charge rests entirely upon an inference or a conclusion, and not upon an alleged fact, that defendant had no intention at the time to comply with its agreement, because it thereafter failed to comply. The alleged act of taking the money accompanied the making of the contract, "but assuredly constituted no acts either fraudulent or otherwise accompanying the alleged breach of the contract." *Lilienthal v. South Carolina Public Service Company,* 174 S. C., 177, 177 S. E., 98, 99.

On the other hand, all acts of deceit and fraud are not only reprehensible, but are actionable in cases where a future promise, falsely made at the time, was a part of a general design or plan existing at the time, made as a part of a general scheme, to induce the signing of a paper, or to make a person act, as he otherwise would not have acted, to his injury. Likewise the fact the other party is induced by future promises falsely made at the time to part with valuable rights, or to surrender the only evidence of his rights, such as a policy of insurance, to show the contract entered into with a defendant makes an issue for the jury as to punitive damages. *Cook v. Metropolitan Life Insurance Company,* 186 S. C., 77, 194 S. E., 636, 639.

No Court will tolerate abuses conceived in deceit and consummated in fraud. The failure to deliver a policy of insurance, or to refund a large payment of money to purchase the insurance, made to an agent of the company in

a case where the company although cognizant of the facts, did not correct the situation, gives rise to the right to recover punitive damages, under the decisions of this State. *Welch v. New York Life Insurance Company,* 183 S. C., 9, 189 S. E., 809.

In all of the decided cases in this State on this subject the underlying principle of law is that there must be proof of some fraudulent act, other than the mere receiving of the money, either in the inception of the contract or in its non-fulfillment and fraudulent breach. For example, in a case where, after the contract was entered into to work a crop on halves. and after the cropper had been induced to labor to make it, he was run off the premises by the landlord, who gathered the crops, and refused to settle with the cropper, it is clear that the subsequent taking of the crop was a fraudulent act accompanying the breach with fraudulent intent to cheat and defraud. *Sullivan v. Calhoun,* 117 S. C., 137, 108 S. E., 189; *Ford v. Ball,* 178 S. C., 111, 182 S. E., 319.

> But no subsequent act is alleged in the complaint in the case now before the Court and it is patently apparent that the foregoing cases are not in point.

The distinction between the right to recover only actual damages based upon a breach of contract, even though it was breached with fraudulent intent, and the right to recover punitive damages for such a fraudulent breach, rests upon the well-established and often-repeated precept that there must be a fraudulent act accompanying the breach, with fraudulent intent in order to sustain a claim for punitive damages. The facts alleged in the complaint are not sufficient to establish the right to recover punitive damages. The exceptions cannot be sustained, and are overruled. Judgment affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker, and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.