16673

De LOACH v. GRIGGS *ET AL.*

(72 S. E. (2d) 647)

*Messrs. Butler B. Hare,* of Saluda, *and Nicholson &
Nicholson,* of Greenwood, *for Appellant,*

*Messrs. Grier, McDonald, Todd & Burns,* of Greenwood,
*for Respondents,*

September 30, 1952.

FISHBURNE, Justice.

The appeal involves two actions arising out of the death of appellant's intestate, Caleb DeLoach, from injuries sustained on April 29, 1950 in an automobile collision in the State of North Carolina. One of the actions is for wrongful death and the other for conscious pain and suffering. The two causes of action were jointly heard in the court below upon a demurrer interposed by the respondents. The issues presented there and here are the same, and by agreement the cases were consolidated for the purpose of this appeal. We will, therefore, discuss only the questions presented in the case for wrongful death.

The appellant in her complaint makes the necessary formal allegations and then sets out the facts relating to the accident. It is specifically alleged that the injury and death were sustained near Lincolnton, in the State of North Carolina, and were due to the careless and grossly negligent operation of a tractor-truck driven at the time and place by the agent, servant or employee of the T. G. Griggs Trucking Company, which collided with the Chevrolet automobile driven by appellant's intestate, or in which he was a passenger. The various particulars of negligence and carelessness are alleged in detail.

In May, 1951, prior to trial, respondents interposed a demurrer to the complaint upon the primary ground that the complaint does not state facts sufficient to constitute a cause of action, in that although the action is brought in South Carolina, appellant's alleged cause of action is under the laws of the State of North Carolina, and that the laws of that state with respect to wrongful death and actions therefor, are not pleaded, as required by the laws of South Carolina.

When the demurrer came up for hearing before the circuit court in August, 1951, counsel for appellant took the position that the complaint was in substantial conformity with the law of North Carolina, and that the inadvertent failure to allege the applicable law should be corrected by the allowance of an amendment.

The North Carolina law, G.S. § 28-173, gives the right of action for wrongful death, which action must be brought within one year after such death by the administrator of the decedent.

There is no question raised here that the action was not brought within one year after the accidental death alleged in the complaint. But respondents argue that the omission of any allegation in the complaint of the applicable North Carolina law puts the appellant out of court; that the complaint, failing to make such allegation, is not amendable because it states no cause of action; and, further, that when the demurrer was heard, more than twelve months had expired from the date of the collision and the death of appellant's intestate.

The circuit judge in sustaining the demurrer and denying the appellant the right to amend, stated that the question he was called upon to decide arose out of appellant's request for leave to amend by alleging the North Carolina statute, and said:

"I have reluctantly reached the conclusion that the request for leave to amend must be denied by reason of controlling

authority. The case of *Sellers v. Lewis & Holmes Motor Freight Corporation, et al.,* 215 S. C. 256 [54 S. E. 806], is, I think absolutely controlling. Plaintiff takes the position that the omission of the allegation is a mere formal defect in pleading and does not go to the merits of plaintiff's cause of action. But it is sufficient to say that the *Sellers case* holds otherwise."

The judge went on to say:

"In this case it seems clear to me that plaintiff is denied her day in Court by an inadvertent omission, and that defendants would not be prejudiced by correcting it; for the defendant knew the cause of action that was attempted to be alleged."

The Court clearly indicated that the motion to amend would have been granted except· for want of power. The *Sellers case* will be later adverted to in this opinion.

Our statute, section 494 of the 1942 Code provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

The foregoing statutory provision, giving the court the power to permit amendments in furtherance of justice has received a very liberal interpretation by the courts of this state. Our decisions are, almost without exception, in accord with the modern theory of code pleading which permits amendments before trial, introducing a new cause of action or substantially changing the cause of action alleged. *J. B. Colt Co. v. Kyzer,* 131 S. C. 78, 126 S. E. 520; *Braudie v. Richland County,* 217 S. C. 57, 59 S. E. (2d)· 548; *Vernon v. Atlantic Coast Line R. Co.,*

218 S. C. 402, 63 S. E. (2d) 53; *Mack v. Plowden,* 217 S. C. 112, 60 S. E. (2d) 57. And see 71 C. J. S., Pleading, § 290 (b), pp. 645, 646, where various South Carolina cases are annotated and differentiated.

In *Vernon v. Atlantic Coast Line R. Co., supra* [218 S. C. 402, 63 S. E. (2d) 55], it is stated:

"The court will, as a matter of course, allow any party to shape his own pleadings to suit himself, and, for this purpose, will permit him at any time before trial to amend his pleadings so as to present his own views on the question to be litigated, upon such terms as may be deemed equitable. There is no restriction on the power of the court to allow such amendments, even though their effect be to change entirely the whole cause of action, or the grounds of defense. *Coral Gables v. Palmetto Brick Co.,* 183 S. C. 478, 191 S. E. 337; *Taylor v. Atlantic Coast Line R. Co.,* 81 S. C. 574, 62 S. E. 1113; 2 Wait's Practice, pages 506, 507."

The statute of limitations was not involved in the foregoing *Vernon case.*

But it has been held in cases too numerous to cite that if the amendment merely expanded and amplified what was alleged in support of the cause of action, it related back to the commencement of the action and was not affected by the intervening lapse of time. By reference to our statute, it must be noted that the power of amendment conferred is by its very terms left to the discretion of the court. No inflexible rule applicable to all cases can be laid down. Necessarily, each case must be to some extent decided upon its own particular facts. The power of the court, however, to allow amendments is subject to recognized limitations, among which is the rule that a litigant may not set up by amendment a wholly different cause of action, —one which does not arise out of or connect itself in a material aspect with the transaction set out in the original complaint, when the cause of action attempted to be set up by the amendment is barred by the statute of limitations.

In 41 Am. Jur., Sec. 308, Pages 503, 504—Pleading—it is said:

"Technical considerations or ancient formulae are not controlling; the test is whether an attempt is made to state facts which give rise to a wholly distinct and different legal obligation against the defendant, or set up another cause of controversy. * * * A test generally laid down for a departure is whether proof of the existence of additional facts will be required."

In this state, and we think in all jurisdictions, the common law rule that pleadings are to be construed most strongly against the pleader, has long been abrogated. In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties.

"Much latitude of amendment is properly allowed to save the cause of action, if possible, from the bar of limitations * * *." 34 Am. Jur., Sec. 261. Page 214. And it has been many times suggested that courts should be inclined to disregard subleties and technical objections to the sufficiency of a pleading in an effort to determine the real issues on their merits and to try to do substantial justice to the litigants before them.

It is also stated in 34 Am. Jur., Sec. 263, Page 217, that "* * * there is a large and respectable body of authorities * * * to the effect that an amended pleading which supplies a missing allegation without the presence of which in plea and proof there could be no recovery relates back, and is unaffected by the statute of limitations expiring after the suit was begun and before the amendment was made."

In *Koennecke v. Seaboard Air Line Ry.,* 1915, 101 S. C. 86, 85 S. E. 374, 375, so far as appears, the Statute of Limitations was not involved, but in taking the view that an amendment in an action for death of a railway employee

so as to bring the case specifically within the Federal statute, —the complaint having originally stated a cause of action under a state statute—did not introduce a new cause of action, the court said:

"Strictly and very technically speaking, it may be that the amendment substituted one cause of action for another, though it would, perhaps, be more nearly correct to say that the cause of action is the same, whether the action be brought and tried under the state or the federal law; and, since the principal differences between an action under the state and federal law lie in the authority by which the right of action is given and in some of the rules of law applicable in the determination of the rights of the parties, they relate to form and procedure rather than to substance. So that it could rarely happen that a shifting from one to the other would work prejudicial surprise."

The decision is affirmed in 239 U. S. 352, 36 S. Ct. 126, 60 L. Ed. 324, 11 N. C. C. A. 165.

The North Carolina case of *Lassiter v. Norfolk & C. R. R. Co.,* 136 N. C. 89, 48 S. E. 642, 643, appears to be directly in point with the issue presented in the case at bar, and we are in accord with the conclusions therein stated. The opinion in the *Lassiter case* states:

"The complaint is a sufficient statement of the facts constituting a cause of action (if the death had occurred in this state) for negligently causing the death of plaintiff's intestate by ordering him to go between cars not equipped with improved couplers to uncouple said cars, in obeying which order he was run over and killed. The defendant demurred on the ground that the complaint disclosed that 'the intestate came to his death in the state of Virginia by reason of the aleged wrongful acts of the defendant, but does not allege that an action for wrongful death may be maintained in that state.' Thereupon the plaintiff asked leave to amend the complaint by pleading the 'statute law of Virginia, which gives a right of action for negligently causing death,' which motion

was refused on the ground that 'the court had no power or discretion to allow the same, and, but for such want of power, the amendment would be allowed.' The court further gave as a reason why it did not have such power to grant the motion: '(1) Such an amendment would introduce a new cause of action, and not enlarge or amplify the cause of action pleaded. (2) Such an amendment would deprive the defendant of the benefit of the statute of limitations embraced in the statute law of Virginia'."

Up to this point the facts, circumstances and procedure in the two cases parallel each other. The Court continued:

"An entirely different question is before us; i. e., whether the trial court has power to permit an amendment to allege the nature of the law in the state where the transaction took place, and prove it, when, by inadvertence, such allegation has been omitted in the complaint. Such allegation does not add to or change the 'cause of action,' which by the Code, § 233 (2), is a 'statement of the facts.' Those facts—the death and the wrongful negligence—are already fully stated. 'In such cases the law of the place where the right was acquired or the liability was incurred will govern as to the right of action.' [*Northern Pac.*] *Railroad* [*Co.*] *v. Babcock,* 154 U. S. [190] 197, 14 S. Ct. 978, 38 L. Ed. 958. The failure to allege this foreign law is merely a defective statement of a good cause of action. But, even if there were a failure to allege an essential fact to constitute the cause of action, Code, § 273, expressly gives power to amend 'by inserting other allegations material to the case.' The rounding out of the complaint to cure a defective complaint, even in material matters, is not changing a cause of action, nor adding a new cause, but merely making a good cause out of that which was a defective statement of a cause of action because of the omission of 'material allegations' which the Code, § 273, authorizes to be inserted by amendment. If the cause of action were not defectively stated, there would be no need of amendment."

In overruling the decision of the lower court, the North Carolina Court quoted approvingly Tiffany on Death by Wrongful Act, Par. 202, as follows:

"* * * if the plaintiff's right of action arises under a foreign statute, he should allege and prove it; but, if the complaint 'fails to allege the foreign statute, an amendment alleging it is not open to the objection that it sets up a new cause of action, although the period of limitation prescribed by the foreign statute has elapsed.' "

In the case at bar, the circuit judge frankly stated that the defendants knew the cause of action that was attempted to be alleged. As stated in 54 C. J. S., Limitations of Actions, § 280, p. 328:

"* * * It has been asserted that courts should be liberal in allowing amendments to save a case from the statute of limitations when the cause of action is not totally changed, and that especially should a liberal rule be applied in respect of amendments when a defendant has had notice from the beginning that plaintiff is setting up and trying to enforce a claim against him because of specified conduct, since the reasons for the statute of limitations do not exist in such a case."

The question whether a new cause of action is introduced by an amended pleading, as respects limitations, generally is held to depend on whether a recovery on one would bar recovery on the other, whether the same evidence would support both, whether the measure of damages is the same, and whether the pleadings are subject to the same defenses. 54 C. J. S., Limitations of Actions, § 279c, p. 322. We do not think the amendment prayed for here would make a new cause of action. The parties and interests, and the essential elements of the controversy would remain the same; the identity of the transaction forming the cause of action originally declared on would be adhered to, and the facts alleged would show the same wrong with respect to the same transaction.

Appellant insists that the complaint as drawn consti- ■ tutes a defective statement of a good cause of action, and the amendment by which it is sought to allege the North Carolina statute, would not inject new matter, but would merely amplify and give greater precision to the allegations in support of the cause originally presented. It will be recalled that the complaint specifically alleged that the collision and death occurred in North Carolina, and inferentially that the right of action arose in that state. In our opinion, appellant's contention is sound and should be sustained.

Respondents rely upon the case of *Sellers v. Lewis & Holmes Motor Freight Corp.*, 215 S. C. 256, 54 S. E. (2d) 806, 807, which, however, we think can be differentiated.

The *Sellers case* was an action for damages for wrongful death under the Lord Campbell's Act of South Carolina, Code 1942, §§ 411, 412, and was so alleged. Upon trial of the cause, it was disclosed that the accident resulting in death occurred within the state of North Carolina, whereupon at the conclusion of plaintiff's case, a motion was made by defendant for a nonsuit. Plaintiff then moved to amend the complaint in order to allege the North Carolina law, and this motion to amend was granted. Upon appeal, it was held that the complaint did not state a cause of action because of failure to allege the North Carolina law. And failing to state a cause of action, the statute of limitations having run, the court overruled the lower court and reversed its judgment in allowing the amendment.

In the *Sellers case,* the court stated:

"* * * We are of the opinion that the proposed amendment would not simply supplement a faulty statement of a cause of action by adding or striking out the name of a party, or correcting a mistake in the name of a party etc., or by inserting other allegations material to the case, but would amount to substituting a cause of action where none existed by reason of the fact that plaintiff had no cause of action in South Carolina. * * *"

In reaching this conclusion, the court recognized that on this question the authorities in other jurisdictions are in conflict but that the trend is toward more leniency in allowing amendments. The opinion states, "However, we are governed by our own decisions which might appear rather technical and harsh * * *."

There are certain facts which distinguish the case at bar from the *Sellers case.* They are similar, in that both actions arose in the State of North Carolina and were instituted in the courts of this state; and neither complaint alleged the North Carolina statute pertaining to damages for wrongful death.

The two cases are unlike in the following respects: In the *Sellers case,* the complaint not only failed to allege the statute, but it contained no allegation that the wrongful death occurred in North Carolina, and hence no inference could arise that the cause of action had its origin in that state. In the case at bar, it was plainly alleged that the collision and death occurred in North Carolina, and no other reasonable inference can be drawn but that the right of action arose in that state. Furthermore, in the case at bar the motion to amend was made prior to trial, when far more liberality is allowed in granting amendments. In the *Sellers case,* the case had gone to trial and all of plaintiff's testimony had been offered, when the defendant moved for a nonsuit on the ground that the complaint failed to plead the North Carolina statute. When this motion was made, the plaintiff then moved to amend his complaint.

By granting the amendment, the respondents will not be required to answer a different legal liability from that originally stated in the complaint. Nor will the amendment have the effect, in our opinion, of adding a new cause of action. We think its allowance is in furtherance of justice, and such amendment will relate back to the commencement of the action. The appellant is hereby given twenty days from the filing of the remittitur to serve her amended complaint, and

the respondents are allowed twenty days thereafter to serve their answer.

Judgment reversed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.