17077

LILLIAN PATTERSON, Appellant, v. CAPITAL LIFE & HEALTH INSURANCE CO., Respondent

(89 S. E. (2d) 723)

*W. Harper Welborn, Esq.,* of Anderson, *for Appellant,*

*Messrs. Watkins, Vandiver & Freeman,* of Anderson, *for Respondent,*

October 27, 1955.

OXNER, Justice.

This is an action to recover both actual and punitive damages for alleged breach of an insurance contract. It is here on appeal by plaintiff from an order granting a motion by defendant to strike all allegations of the complaint appropriate to recovery of punitive damages, upon the ground that the facts stated do not warrant the recovery of such damages.

Plaintiff alleged that in March, 1952, defendant issued to her a policy of insurance wherein, in consideration of the payment of a weekly premium of 70¢, it agreed to pay her weekly sick benefits of $10.00 and at her death, to the beneficiary named, the sum of $150.00; that thereafter, in accordance with the established custom, an agent of defendant called at her home to collect the premiums, which were regularly paid through January 4, 1954; and "that at the

time the plaintiff was sick and disabled and had one or more pending claims for sick benefits" under the policy which the defendant refused to pay. It was then alleged (Paragraph 5) : "That by reason of the plaintiff's illness, she was unable to work and is still unable to work and is sick and has been under the care of a physician since November 1953; and that for this reason she was unable to pay further premiums on this aforesaid policy and was *unwilling to do so* by reason of the fact that the company had refused to pay her the sick benefits to which she was entitled; and that *in consequence thereof* the said policy contract was breached and lapsed for nonpayment of premiums; and that said breaching and lapsing of said contract was willfully, wantonly, and fraudulently designed by the agents and employees of the defendant company in order to avoid payment of any further sick benefits under said policy and to rid the defendant company of any further duties and obligations with this plaintiff." (Italics ours.)

In the remaining allegations of the complaint, plaintiff charged that the foregoing acts "were willful, wanton and fraudulent and were calculated to cheat and to defraud the plaintiff of her sick and hospital benefits and also her life insurance benefits as set forth in the said policies."

We agree with the Court below that no facts are stated entitling plaintiff to recover punitive damages. It is not alleged that after she became sick, the agent failed to call at her home to collect the premiums in accordance with the established custom. The only reason given by the plaintiff for the lapse of the policy is that she was unwilling and unable to pay any premiums after January 4, 1954, because the company had wrongfully refused to pay her claim for sick benefits. This fact would not constitute a fraudulent act but a mere violation of the contract. Punitive damages are not recoverable for the mere failure or refusal to pay a debt. *Hall v. General Exchange Insurance Corporation of New York,* 169 S. C. 384, 169 S. E. 78; *Yarborough v. Bankers Life & Casualty Co.,* 225 S. C. 236, 81 S. E. (2d) 359.

It is claimed that the company could not lawfully lapse the policy for nonpayment of premiums if the sick benefit claims which it wrongfully refused to pay were sufficient to cover the premiums in arrears, citing *Clinkscales v. North Carolina Mutual Life Insurance Co.*, 201 S. C. 375, 23 S. E. (2d) 1. However, the question here is not whether plaintiff is entitled to recover actual damages for breach of the contract but whether she has alleged any fraudulent act accompanying the breach. In the *Clinkscales case*, the testimony established several acts of fraud, including the failure of the agent, as was his custom, to call at the insured's home for the weekly premiums after he became aware of her illness.

Finally, it is contended that the question of whether the complaint states a cause of action for punitive damages should be determined on the trial of the case and not by motion to strike. This exception is clearly without merit.

The order under review is affirmed.

STUKES, TAYLOR and LEGGE, JJ., concur.

J. WOODROW LEWIS, Acting Associate Justice, disqualified.