## 19981

R. Lee PLOWDEN and Dale Plowden, Appellants, v. ATLANTIC STATES CONSTRUCTION COMPANY, Respondent

(213 S. E. (2d) 100)

*Messrs. Arthur T. Cole and Frank K. Sloan,* of Columbia, and *Lynwood A. Maddox,* of Atlanta, Ga., *for Appellants.*

*Messrs. C. Joseph Roof and Thomas Kemmerlin, Jr.,* of Columbia, *for Respondent.*

*Messrs. Arthur T. Cole and Frank K. Sloan,* of Columbia, and *Lynwood A. Maddox* of Atlanta, Ga., *for Appellants,* in Reply.

March 27, 1975.

BRAILSFORD, Justice:

The sole issue on this appeal is whether the circuit court erred in sustaining a demurrer to the complaint upon the ground that the allegations thereof were insufficient to plead fraudulent acts by the defendant accompanying its breach of the contract sued upon; hence, punitive damages are not recoverable. Other grounds of the demurrer were not passed upon by the circuit court and are not at issue here.

The complaint purports to set forth two causes of action. The *first* is for a balance alleged to be due plaintiff's assignor for structural steel fabricated and delivered to defendant's work site in full compliance with defendant's written pur-

chase order. The *second* is for punitive damages for breach, with fraudulent intent, of the same contract accompanied by fraudulent acts, as specified in the complaint.

We quote in full that part of the demurrer which was sustained by the circuit court judge: "3. The Complaint as it appears upon its face, does not state facts sufficient to constitute a cause of action in that (a) the alleged conduct is patently incapable of constituting fraud. . . ."

This ground of demurrer should have been summarily overruled because, although directed to the whole complaint,[1] the demurrer does not challenge the sufficiency of the facts alleged to entitle plaintiffs to recover actual damages. However, this ground of decision is not available on appeal, because the circuit judge sustained the demurrer to part of plaintiffs' claim only (punitive damages), and the sufficiency of the pleadings to test plaintiffs' right to such damages has not been challenged. We must, then, decide whether the allegations of the complaint are susceptible of the inference that defendant was guilty of fraudulent acts accompanying the breach of contract. In our view, a liberal construction of the complaint, to which plaintiffs are entitled, requires an affirmative answer. The complaint, directly or by reasonable inference, alleges the following:

After plaintiffs' assignor had completed performance of the contract by fabricating the steel called for by the purchase order and delivering it to the job site, the defendant falsely claimed that he had defaulted, making it necessary for defendant to procure services and materials covered by the contract from others. In order to lend credence to this false claim, the defendant obtained services or materials from others, as listed in the complaint, all of which had either

---

[1] And properly so, because the allegations of the complaint relevant to this appeal, although divided into two parts, state only one cause of action for actual and punitive damages for the breach of a contract accompanied by fraudulent acts. See comprehensive note 10 S. C. Law Quarterly 44 (Spring 1958); *Smith v. Volunteer State Life Ins. Co.,* 201 S. C. 291, 22 S. E. (2d) 885 (1942).

been furnished by plaintiffs' assignor or were not covered by the contract, and falsified its records by charging the costs of such items against the sum due plaintiffs' assignor. Thereupon, the defendant fraudulently notified the bank which had advanced credit to the assignor that, *according to its records,* it owed nothing on the contract price, which resulted in the withdrawal of all credit to plaintiffs' assignor and involuntary bankruptcy proceedings against it.

If the facts alleged in the complaint are proved, it will be for the jury to say whether the defendant was guilty of fraud in knowingly and deceitfully "backcharging" to the contract sued upon services and materials to which the defendant was not entitled thereunder.

Reversed and remanded for further proceedings consistent herewith.

LEWIS and BUSSEY, JJ., concur.

MOSS, C. J., and LITTLEJOHN, J., dissent without opinion.

