## 20359

Jerry L. CROCKER, Sr., Respondent, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant.

(232 S. E. (2d) 340)

*Messrs. Daniel R. McLeod, Atty. Gen., Victor S. Evans, Dep. Atty. Gen.,* of Columbia *and T. Sam Means, Jr.,* of Spartanburg, *for Appellant,*

*C. Kennon Robertson, Esq.,* of Spartanburg, *for Respondent,*

February 8, 1977.

GREGORY, Justice:

This is an action by respondent Crocker for personal injury and property damage. Appellant State Highway Department demurred on the ground that the complaint failed to state facts sufficient to constitute a cause of action—specifically, that Crocker did not bring suit within three months of the date of injury and did not allege in his complaint that he had given written notice to the appellant within that time. The Department said that one of these, a timely written notice or timely commencement of suit, was required by Section 10-2623, South Carolina Code (Cum. Supp. 1975), the statute authorizing Crocker's action. The lower court overruled the demurrer. At issue is whether Crocker complied with the section and if not, whether he could have amended his complaint to comply. We find the lower court erred on both points and reverse.

Crocker was injured in a March 1974 accident with a State Highway Department vehicle. In January 1975 he sued, alleging in his complaint that his action was brought pursuant to § 33-229 of the Code and that he had "fully complied with the requirements of such section."

Actually, a suit against the State Highway Department for personal injury and property damage due to the negligent operation of a vehicle had been, since 1968, authorized only by § 10-2623 of the South Carolina Code (Cum. Supp. 1975) (that section is part of the South Carolina Governmental Motor Vehicle Tort Claims Act). The trial judge found naming the wrong statute was "reasonable excuse" (the language is taken from § 10-2623) for not complying

with § 10-2623. He held the misnomer could be corrected by amending the complaint.

However, the two year statute of limitations contained in § 10-2623 had run at the time of the lower court's order. After the statute has run, the complaint can not be amended to state a cause of action. *Ousts v. State Highway Department,* 161 S. C. 21, 159 S. E. 457 (1931); *see also Kennemore v. S. C. State Highway Department,* 199 S. C. 85, 18 S. E. (2d) 611 (1942).

Secondly, even if amendable, the complaint was defective not only by naming the wrong section, but also by not complying with the section it alleged it was brought under and related sections (§ 33-229 *et seq.,* S. C. Code, 1962). The complaint was not brought within six months of the date of injury and it did not allege the filing of a claim within that time (§ 33-230); nor did the complaint plead absence of contributory negligence (§ 33-232).

And, of course, Crocker did not comply with the applicable section (§ 10-2623). He failed to either allege in his complaint that he had given timely written notice to appellant, or alternatively, to bring suit within the time prescribed by the section.

For the above reasons, the order of the lower court is

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.