20836

R. C. SCOTT (and six other respondents in six separate cases identical to his, to wit, Everette W. Noel, Avory Bland, Jr., Herman E. Cain, Mark S. Adams, J. Raymond Cook and Virgil Wall), Respondent, v. Thomas C. McCAIN, Appellant.

(250 S. E. (2d) 118)

*Laughlin McDonald,* Atlanta, Ga., *for appellant.*

*J. Roy Berry,* Johnston, *W. Ray Berry,* Columbia, and *Joe F. Anderson,* Edgefield, *for respondent.*

December 13, 1978.

GREGORY, Justice:

Respondent R. C. Scott brought this libel action against appellant Thomas C. McCain to recover actual and punitive damages. This appeal is from the order of the lower court overruling McCain's demurrer to the complaint and permitting Scott to amend the complaint. We reverse that part of the lower court's order that overrules the demurrer, and affirm that part that permits Scott to amend the complaint.

Scott's complaint is identical to and representative of the complaints of Everette W. Noel, Avory Bland, Jr., Herman E. Cain, Mark S. Adams, J. Raymond Cook and Virgil Wall. Scott, Noel, Bland, Adams, Cook and Wall are members of the Edgefield County School District Board of Trustees. Cain is the Chief School Administrator of the Edgefield County School District. McCain's demurrers to each of these complaints were also overruled by the lower court.

██ On appeal from an order overruling a demurrer this Court is required to assume the allegations of the complaint are true. The complaint will be held sufficient if it states any cause of action or if it appears respondent is entitled to any relief whatsoever. *Williams v. Streb,* S. C., 243 S. E. (2d) 926 (1978) ; *Baldwin v. Sanders,* 266 S. C. 394, 223 S. E. (2d) 602 (1976).

Scott's complaint alleges as follows:

(1) That plaintiff is a member of the Board of Trustees of the Edgefield County School District;

(2) That defendant is a resident of Edgefield County;

(3) That defendant did "wilfully and maliciously print, or cause to be printed, a certain libelous pamphlet;"

(4) That the aforesaid pamphlet falsely accused the plaintiff with wrongdoing in connection with plaintiff's position as a member of the Board of Trustees of Edgefield County School District; and

(5) That the pamphlet was libelous *per se* and damaged plaintiff in the sum of $35,000 actual and punitive damages.

The following definition of "libel" is taken from *Fulton v. Atlantic Coast Line R. Co.,* 220 S. C. 287, 67 S. E. (2d) 425 (1951):

A libel is a malicious defamation, expressed either by writing or printing, or by signs, pictures, effigies, or the like, tending to blacken the memory of one who is dead or to impeach the honesty or integrity or reputation, or publish

the natural or alleged defects, of one who is alive, and thereby to expose him to public hatred, contempt, ridicule, or obloquy, or to cause him to be shunned or avoided, or to injure him in his office, business, or occupation. 67 S. E. (2d) at 430.

Malice is a necessary element of libel and may be either implied or actual. *Jones v. Garner,* 250 S. C. 479, 158 S. E. (2d) 909 (1968).

When a libel action is brought by a public official against critics of his official conduct, the constitutional guarantees of freedom of speech and press prohibit the public official from recovering damages for a defamatory falsehood relating to his official conduct unless the libelous statement was made with actual malice—that is, with knowledge that it was false or with reckless disregard of whether it was false or not. *New York Times v. Sullivan,* 376 U. S. 254, 84 S. Ct. 710, 11 L. Ed. (2d) 686 (1964); *Stevens v. Sun Publishing Co.,* 270 S. C. 65, 240 S. E. (2d) 812 (1978); *Oswalt v. State-Record Company,* 250 S. C. 429, 158 S. E. (2d) 204 (1967).

Scott, a public official, brought this libel action against a critic of his official conduct. To withstand a demurrer, his complaint must allege that the acts of the critic were committed with "actual malice" as that term is defined in *New York Times v. Sullivan, supra.* Scott's complaint only alleges that McClain published the libelous pamphlets "wilfully and maliciously." This allegation does not satisfy the *New York Times v. Sullivan, supra,* standard. *Rosenblatt v. Baer,* 383 U. S. 75, 86 S. Ct. 669, 15 L. Ed. (2d) 597 (1966) (allegations of ill will, evil motive, or intent to injure are constitutionally insufficient in a libel action where discussion of public affairs is concerned.) *Roketenetz v. Woburn Daily Times, Inc.,* 1 Mass. App. 156, 294 N. E. (2d) 579 (1973) (allegation of "express malice" does not satisfy *Times* standard); *Ewald v. Roelofs,* 120 Ill. App. (2d) 30, 256 N. E. (2d)

89 (1970) (allegation that allegedly libelous publication was made "maliciously" is insufficient).

Scott's complaint does not allege that the libelous pamphlets were published with knowledge they were false or with a reckless disregard for whether they were false or not. This omission is fatal to the complaint.

The lower court erred by overruling McCain's demurrer.

We have held that a defective complaint cannot be amended to state a new or different cause of action after the statute of limitations has run. *Crocker v. South Carolina State Highway Department,* 268 S. C. 147, 232 S. E. (2d) 340 (1977); *Kennemore v. South Carolina State Highway Department,* 199 S. C. 85, 18 S. E. (2d) 611 (1942). Sectiton 15-3-550, 1976 Code of Laws of South Carolina, requires that all actions for libel be commenced within two years. Here, Scott was permitted by the lower court to amend his complaint after the two year statute of limitations had elapsed.

The original complaint alleges that the libel was done "wilfully and maliciously." This is a general allegation of malice which would permit proof of either actual or implied malice.

The amended complaint alleges that the libel was done with knowledge that the pamphlets contained false statements and "with a wanton and reckless disregard for the truth." The amendment to the complaint does not change the nature of the cause of action, but amplifies and makes more definite and certain the original general allegation of malice.

Where, as here, the amendment merely expands and amplifies the allegations in the original complaint, the rule stated in *Deloach v. Griggs,* 222 S. C. 326, 72 S. E. (2d) 647 (1952) is applicable.

But it has been held in cases too numerous to cite that if the amendment merely expanded and amplified what was

alleged in support of the cause of action, it related back to the commencement of the action and was not affected by the intervening lapse of time. By reference to our statute, it must be noted that the power of amendment conferred is by its very terms left to the discretion of the court. 72 S. E. (2d) at 649.

As amended, the complaint states a cause of action for libel against McCain, but this cause of action is neither new nor different from the cause of action alleged in the original complaint. Under both the original and the amended complaints "the parties and interests, and the essential elements of the controversy would remain the same; the identity of the transaction forming the cause of action originally declared on would be adhered to, and the facts alleged would show the same wrong with respect to the same transaction." *Deloach v. Griggs, supra,* at 651.

Accordingly, that part of the lower court's order that overrules the demurrer is reversed, and that part of the lower court's order that permits Scott to amend the complaint is affirmed.

Reversed in Part, Affirmed in Part, and Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, J.J., concur.