21286

Holland SMITH, Respondent, v. CANAL INSURANCE COMPANY, Appellant.

(269 S. E. (2d) 848)

*Wesley M. Walker* and *Jack H. Tedards, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant.*

*Daniel A. Speights,* Hampton, *for respondent.*

August 18, 1980.

WALTER T. COX, III, Acting Associate Justice:

Appellant Canal Insurance Company appeals from an order overruling its demurrer and denying its motion to strike respondent Holland Smith's second cause of action. We affirm in part, reverse in part and remand.

By his first cause of action respondent made the following allegations.

On October 10, 1973, appellant issued a policy insuring respondent against theft of certain utility trailers based upon their full market value. Shortly thereafter Smith contracted with American Lease Plans, Inc. (American) for the lease-purchase of two additional trailers. He then requested and appellant agreed to issue an endorsement bringing two trailers identified by serial number within the policy's coverage.

Respondent Smith subsequently discovered he had supplied an incorrect serial number for one of the trailers. He then notified appellant of the error and requested its correction as well as American's designation as the loss payee.

The subject trailer was stolen on December 5, 1973. Upon being notified of the theft, appellant issued an endorsement based on the erroneous serial number limiting its liability to $12,500. It then denied liability for the stolen trailer on the ground it was not covered by the endorsement.

The trial court held these allegations sufficient to state a cause of action for reformation of the policy endorsement and breach of the reformed agreement. Appellant does not except to this holding and it becomes the law of the case.

By his second cause of action respondent made the following additional allegations.

13. That the defendant has failed to fulfil its obligations under the subject insurance policy and has breached the terms thereof by reason of an intentional design on its part to defraud the Plaintiff of monies rightfully due him under the subject policy, and in furtherance of such intentional design the Defendant has committed the following fraudulent acts:

a. The Defendant has never forwarded the Plaintiff an endorsement to the subject policy listing the two utility trailers which the Plaintiff added; the Defendant issued its endorsement with the erroneous serial number of December 27, 1973, effective November 27, 1973, after it had received

actual notice of the correct serial number, and after it had received actual notice of the subject theft and thereafter denied coverage to the Plaintiff and American Lease Plans, Inc. on the ground that it had not issued its policy to cover utility trailer 007.

b. The Defendant issued the subject endorsement to the policy after it had received actual notice of the subject theft and stated therein that its limit of liability was Twelve Thousand Five Hundred and no/100 ($12,500.00) Dollars rather than the full market value of the two utility trailers in an effort to limit its responsibility under the subject policy, even though the Plaintiff had requested and the Defendent had agreed to issue the policy for the full market value of the utility trailers.

c. The Defendant refused to pay the American Lease Plans, Inc. under the subject policy until it instituted a civil action against the Defendant, which refusal exposed the Plantiff to personal liability for the loss.

d. The Defendant refused to pay the American Lease Plans, Inc. under the subject policy until it instituted a civil action against the Defendant, which refusal required the Plaintiff to devote hours of his time to assisting the American Lease Plans, Inc. in the presentation of the case to collect under the subject policy.

e. Following a settlement of the lawsuit between the Defendant and American Lease Plans, Inc., the Defendant prepared and had the American Lease Plans, Inc. execute a document releasing the Defendant from all losses sustained by the Plaintiff as a result of the theft of utility trailer 007 when it had actual notice that the Plaintiff was not involved in that lawsuit and that American Lease Plans, Inc. had no right whatsoever to represent the Plaintiff or release any right which he had against the Defendant.

The trial court held these allegations sufficient to state a cause of action for breach of contract accompanied by a

fraudulent act and denied appellant's motion to strike. We hold this was error.

There is no cause of action distinct from breach of contract for breach of contract accompanied by a fraudulent act. *Plowden v. Atlantic States Construction Co.,* 264 S. C. 139, 213 S. E. (2d) 100 (1975). Rather, "[i]n order to recover punitive damages for breach of contract, the plaintiff must show the breach was accomplished with a fraudulent intention and was accompanied by a fraudulent act." *Thompson v. Home Security Life Ins.,* 271 S. C. 54, 55, 244 S. E. (2d) 533, 534 (1978). This fraudulent act, although separate and distinct from the act(s) constituting the breach, must accompany the breach and not be too remote in either time or character. *Branham v. Wilson Motor Co.,* 188 S. C. 1, 198 S. E. 417 (1938); *Lillienthal v. S. C. Public Service Co.,* 174 S C. 177, 177 S. E. 98 (1934); 10 S. C. L. Q. 444, 459 (1958).

Even assuming the allegations contained in respondent's second cause of action are true, *Scott v. McCain,* 272 S. C. 198, 250 S. E. (2d) 118 (1978), we hold they fail to meet these requirements. Paragraphs 13(a) and (b) merely restate the manner in which appellant is alleged to have breached its oral agreement to insure the stolen trailer under the same terms and conditions as the other trailers. The acts alleged in paragraphs 13(c) and (d) merely reaffirm appellant's position on coverage and are not fraudulent in and of themselves. *See Patterson v. Capital Life & Health Ins. Co.,* 228 S. C. 297, 89 S. E. (2d) 723 (1955). Finally, the act alleged in paragraph 13(e), while separate and distinct from the acts alleged to constitute the breach, is clearly too remote in time from the actual breach to be construed as accompanying that breach. We therefore hold the trial court erred in denying appellant's motion to strike respondent's second cause of action. *Patterson v. Capital Life & Health Ins. Co., supra.*

The order denying appellant's motion to strike respondent's second cause of action is reversed and the case remanded for further proceedings on the allegations contained in the first cause of action.

Affirmed in part; reversed in part; and remanded.

LITTLEJOHN, NESS and GREGORY, JJ., concur.

LEWIS, C. J., dissents.

LEWIS, Chief Justice (dissenting):

The lower court correctly held that the complaint alleged a cause of action for fraudulent breach of contract, and I dissent from the holding of the majority to the contrary.

The complaint alleges the following facts: Appellant had agreed to issue an endorsement to an existing policy between the parties, insuring two additional trailers. In furnishing to appellant identification of the two trailers for the purpose of the endorsement to the policy, respondent-insured inadvertently furnished the wrong serial number for one of the trailers. Prior to December 5, 1973, appellant was notified of the mistake in the serial number for one of the trailers, with a request that the correction be made in the endorsement. This trailer was stolen on December 5, 1973. Appellant was notified of the theft. After receiving notice of the mistake in the serial number and of the theft, appellant issued its endorsement, effective November 27, 1973, listing the incorrect serial number and placing a limit of $12,-500.00 on its liability. Appellant then refused to pay respondent for the loss on the ground that it had not issued the endorsement to cover the stolen trailer.

These allegations, taken as true in considering the motion to strike, show that appellant agreed to insure the trailer in question at full market value before the theft and before it issued the endorsement; after notice of the theft, appellant issued an endorsement covering a trailer which it knew respondent did not own, with coverage at less than its market value; and payment was then denied on the ground that

the trailer in question was not covered by the endorsement. These facts give rise to a reasonable inference that appellant's issuance of the endorsement covering a trailer, which he knew did not exist, at an amount less than that agreed upon, and after it knew of the theft, was done to avoid liability under its *prior agreement* with the respondent-insured. This would, in my opinion, constitute a fraudulent act sufficient to support an award of punitive damages.

I therefore, dissent.