THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Charles Ervin, Sr., Appellant,
 v.
 Colleton County, Respondent.
 
 
 

Appeal From Colleton County
 Perry M. Buckner, Circuit Court Judge
 Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2010-UP-231
 Submitted March 1, 2010  Filed April 5,
2010
Withdrawn, Substituted and Refiled April
13, 2010

AFFIRMED

 
 
 
 James H. Moss, of Beaufort, for Appellant.
 Marshall H. Waldron, Jr., of Beaufort, for Respondent.
 
 
 

PER CURIAM: 
 Charles Ervin appeals from Judge Buckner's order granting a directed verdict to
 Colleton County.  Judge Buckner based his ruling on Judge Young's previous
 order granting summary judgment to Colleton County as to its liability for any
 wrongful actions taken against Ervin by the Colleton County Sheriff and his
 deputies.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
1. As to whether Judge
 Young erred in granting partial summary judgment to Colleton County:  Law v.
 South Carolina Dept. of Corrections, 368 S.C. 424, 434, 629 S.E.2d 642, 648
 (2006) ("In ruling on motions for directed verdict and JNOV, the trial
 court is required to view the evidence and the inferences that reasonably can
 be drawn therefrom in the light most favorable to the party opposing the
 motions and to deny the motions where either the evidence yields more than one
 inference or its inference is in doubt."); Rule 56(c), SCRCP (providing a
 trial court may grant a motion for summary judgment only "if the
 pleadings, depositions, answers to interrogatories, and admissions on file,
 together with the affidavits, if any, show that there is no genuine issue as to
 any material fact and that the moving party is entitled to a judgment as a
 matter of law"); Brockbank v. Best Capital Corp., 341 S.C. 372,
 378-79, 534 S.E.2d 688, 692 (2000) ("In determining whether any triable
 issues of fact exist, the court must view the evidence and all reasonable
 inferences that may be drawn from the evidence in the light most favorable to
 the non-moving party."); Cone v. Nettles, 308 S.C. 109, 112, 417
 S.E.2d 523, 525 (1992) (determining that in South Carolina, sheriffs and
 deputies are state, not county, officials because (1) the South Carolina
 constitution establishes the office of sheriff and the term of office; (2) the
 duties and compensation of sheriffs and deputies are set forth by the General
 Assembly; (3) their arrest powers are related to state offenses; and (4) the
 Governor of South Carolina has the authority to remove a sheriff for misconduct
 and fill the vacancy); S.C. Code Ann. §§ 23-11-10 and 23-13-10
 (2007) (providing that the citizens elect the Sheriff, and the Sheriff is
 answerable for the neglect or misconduct in the office of any deputy).
2. As to whether Judge
 Young erred in granting summary judgment while Ervin's motion for leave to
 amend his complaint was still pending: Scott v. McCain, 272 S.C. 198,
 202, 250 S.E.2d 118, 121 (1978) ("[A] defective complaint cannot be
 amended to state a new or different cause of action after the statute of
 limitations has run."); S.C. Code Ann. § 15-78-110 (2005) (providing "any
 action brought pursuant to [the South Carolina Tort Claims Act] is forever
 barred unless an action is commenced within two years after the date the loss
 was or should have been discovered").
AFFIRMED.       
SHORT,
 WILLIAMS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.